Paige, J.
 

 The referee found, as conclusions of law, that the interest of the Bank of Auburn in the premises was in the nature of a mortgage interest; and that the plaintiff, upon his payment of the amount due upon the-Hall
 
 &
 
 Bassett note, was entitled to a conveyance of the premises; and that Kellogg had no equitable interest therein, but held the same as "a naked trustee for the plaintiff and the Bank of Auburn; and that the executors wrongfully conveyed the premises to Beach; and that the estate of Kellogg having had the benefit of the consideration money received on the sale, it was equitably chargeable with the amount which the plaintiff paid on his purchase under the Beach mortgage, with interest. I think that these conclusions of law were correctly deduced by the referee from the facts found by him.
 

 The referee found as a fact a parol agreement between the plaintiff and Kellogg, as trustee for the Bank of Auburn, and Hall & Bassett, to the effect that Hall & Bassett should surrender to Kellogg the premises and their contract for their purchase, and that the plaintiff should assume the indebtedness of Hall
 
 &
 
 Bassett to the bank, and occupy in all respects the position of Hall
 
 &
 
 Bassett in regard to the
 
 *380
 
 property; by which I understand the referee to find that the parties agreed that the plaintiff should be substituted in the place of Hall
 
 &
 
 Bassett, as purchasers from Kellogg of the premises, upon precisely the same terms as had been agreed upon between Hall
 
 &
 
 Bassett and Kellogg; and that therefore the referee must be deemed to have found that the plaintiff agreed with Kellogg to pay to the bank the note which Hall & Bassett had given to it for the consideration of the premises, and that Kellogg agreed, on the plaintiff’s payment of such indebtedness, to convey the premises to him. Under and in pursuance of this agreement, the plaintiff entered into possession of the premises, and has continued in possession of the same, under the agreement, ever since, except of one hundred acres thereof, which was sold to Morehouse in March, 1840. The plaintiff also, under and in pursuance of this agreement, made, from time to time, payments upon the note of Hall & Bassett, and in 1838 paid up the same in full to the Bank of Auburn.
 

 Here, then, is a case of a parol contract for the purchase of land, and a possession of the plaintiff under the contract, and a full performance thereof on his part to take it out of the statute of frauds, and to entitle him in equity to a conveyance from the executors or heirs-at-law of Daniel Kellogg. (3
 
 Barb. Ch. R.,
 
 413.) But as the executors, prior to the filing of the complaint, sold and conveyed the premises to Beach, without notice on the part of the latter of the rights of the plaintiff, and thus deprived themselves of the power of performing the contract specifically on their part, they are, in equity, liable to pay to the plaintiff the damages he has sustained by means of their breach of the contract in conveying the premises to Beach. The amount of the damages thus sustained by the plaintiff is the sum paid by him on ‘his purchase at the sale under the mortgage of the Bank of Syracuse, to protect his interest in the premises. The executors of Kellogg sold to Beach under the power of sale given in the will of Kellogg. In the conveyance they
 
 *381
 
 acknowledge the receipt of the purchase money, which is
 
 prima facie
 
 evidence of its receipt by them as such executors. The estate having received the benefit of the purchase money paid by Beach, it is equitably chargeable with tho sum paid by the plaintiff to protect his interest in the premises. (
 
 Story's Eq.Jur.,
 
 § 796; 1
 
 Cow.,
 
 711.)
 

 Kellogg had no beneficial interest in the premises; he was a naked trustee for the plaintiff and the Bank of Auburn. By virtue of the parol agreement for the purchase of the premises, and its performance on the part of the plaintiff, and his continued possession under the agreement, he became the equitable owner of the land; and Kellogg and his heirs became trustees for his benefit.
 
 (Story’s Eq. Jur.,
 
 §790.)
 

 I place no reliance, in arriving at this conclusion, upon the written agreement between Kellogg and Wall, found among the papers of the former, as the referee does not find that this agreement was ever delivered to the plaintiff.
 

 In my opinion, the judgment of the Supreme Court should be affirmed.
 

 Bbown, J., delivered an opinion to the same effect. Comstock and Shankland, Js., were absent; all the other judges concurring,
 

 Judgment affirmed.