In the Matter of the Claim for a Ring of MARY L. VAN SLOOTEN, Respondent, v. EDWARD DODGE, as Administrator, etc., Appellant.

145   327
167    33
167    36
145        327
78 AD²442
78 AD²446

Under the provisions of the Revised Statutes (2 R. S. 88, § 36), providing for the reference of disputed claims against the estate of a deceased person, a claim could only be the subject of an agreement with an executor for a reference which existed as such against the deceased, and was one for which his estate had become answerable, and the executor could not, by offering to refer a claim presented, waive these essential prerequisites of the statute.

An executor cannot subject the estate in his hands for administration to a new liability, either by his contracts or by his wrongful act.

A claim against the estate of D., deceased, was presented to the executors under said statutory provisions, for a diamond ring, which the claimant alleged the testator had given to her, and which, at the request of the executor, she had handed to him for inspection, but he refused to return it, claiming that it belonged to the estate. The claim was disputed by the executor, and, upon his offer to refer, a reference was consented to and ordered, and, upon evidence sustaining the claimant's averments, the referee reported in favor of the claimant, the report was confirmed and judgment entered. *Held,* error; that, as no claim against the deceased was established, no recovery could be had.

*In re Van Slooten* v. *Wheeler* (76 Hun, 55), reversed.

(Argued February 28, 1895; decided March 12, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 12, 1894, which affirmed a judgment in favor of claimant entered upon an order confirming the report of a referee.

The nature of this proceeding and the facts, so far as material are stated in the opinion.

*H. B. Hubbard* for appellant. There is no basis for the maintenance of this proceeding against the estate of the testator. (*Godding* v. *Porter*, 17 Abb. Pr. 374; *Smith* v. *Patton*, 9 Abb. [N. S.] 205; 2 R. S. chap. 6, tit. 3, art. 2, §§ 34–39; Code Civ. Pro. § 2718.) In any view of the facts, the referee erred in finding that the claimant was entitled to judgment against Charles H. Wheeler, as executor of the estate of Harry E. Dodge, and in refusing to find the conclusions of law proposed by the defendant. (*Ferrin* v. *Myrick*, 41 N. Y. 315; *Barry* v. *Lambert*, 98 id. 308; *Schmittlaer* v. *Simon*, 101 id. 554; *Stanton* v. *King*, 76 id. 585; *Cary* v. *Gregory*, 6 J. & S. 127.)

*Merritt E. Haviland* for respondent. There was a valid gift of the ring by the deceased to claimant *inter vivos.* (*Bedell* v. *Carll*, 33 N. Y. 581; *Curry* v. *Powers*, 70 id. 217; *Trow* v. *Shannon*, 78 id. 450; *Beaver* v. *Beaver*, 117 id. 428.) The evidence of claimant's six witnesses, which con-

clusively established the gift, stands uncontradicted and unimpeached in the slightest particular, and the referee very properly gave due weight to their evidence. (*Elwood* v. *W. U. T. Co.*, 45 N. Y. 553 ; *Lomer* v. *Meeker*, 25 id. 363.) The executor is liable in his representative capacity as well as individually, for the reason that the estate received the benefit of the ring as an asset. (*Wall* v. *Kellogg*, 16 N. Y. 385 ; Story Eq. Juris. § 796 ; *Simpson* v. *Snyder*, 54 Iowa, 558 ; *Steele* v. *McDowell*, 9 S. & M. 193 ; *Conger* v. *Atwood*, 28 Ohio St. 140 ; *Francisco* v. *Fitch*, 25 Barb. 122 ; *People* v. *Hueston*, 32 Hun, 56.) The reference herein having been made on consent, it is too late for the estate to question the power of the referee to pass upon the controversy. (*Masten* v. *Buddington*, 18 Hun, 106 ; *Adams* v. *Brady*, 67 id. 522.)

GRAY, J. This respondent presented a claim against the executor of the estate of Harry E. Dodge, deceased, for a diamond ring of the value of not less than $500, which, she alleged, the testator had given to her and which, after his death, at the request of the executor, she had handed to him for inspection. She alleged that he had refused to return it to her, upon the ground that it belonged to the estate of the deceased. The executor disputed the validity of the claim and, upon his offer to refer the same, a reference was consented to and ordered. The referee reported in favor of the claimant. His report was confirmed at the Special Term and a motion to set it aside and for a new trial was denied. Upon appeal, the General Term affirmed the judgment and the order ; but by a divided court, Mr. Justice CULLEN dissenting from his associates upon the ground, substantially, that, as no claim against the deceased had been established, no recovery could be had in such a proceeding. I think his was quite the correct view of the case. I think that the findings of the referee, that the deceased in his lifetime had given the ring to the claimant and had delivered it to her with the intention that she should possess it, were in accord with the evidence in

the case.    There is but little evidence from which a contrary inference could be made.    That being the case and the claim ant having shown that she had lost possession of the ring solely through the act of Mr. Wheeler, who was the executor, it is difficult to understand how such a proceeding as this could be maintained.    The finding of the referee, with respect to the claimant's loss of possession of the ring, was as follows: " That shortly after the death of said Harry E. Dodge, the claimant delivered said diamond ring to said Charles H. Wheeler as executor, at his request, but not intending to, nor did she thereby release or transfer her right and title thereto, as owner."    It seems that upon the occasion of a certain interview between the executor and the claimant, a short time after the testator's death, he asked for and obtained the ring from her; either, according to her account, upon the pretext that he wished to inspect it; or, according to his account, upon his request that she should give it to him for the purpose of having it inventoried.    The conflict of evidence upon the manner in which Mr. Wheeler, the executor, had acquired the ring, is not very material and the referee has settled it by the finding above mentioned.    The difficulty with the recovery in this case is, as Mr. Justice CULLEN has pointed out, that this is a special proceeding and is maintainable solely by virtue of the provisions of the statute; which, at the time of the agreement to refer, were contained in the Revised Statutes (2 R. S. 2561, 2562).    Those provisions prescribe a publication by the executor or administrator of a notice, requiring all persons having claims against the deceased to exhibit the same, at a place and time specified, and authorize him, if he doubt the justice of any such claim, to enter into an agreement in writing with the claimant to refer the matter in controversy.    It is obvious that a claim could only be the subject of an agreement for a reference with an executor, if it existed as such against the deceased, and was one for which his estate had become answerable and which, therefore, would devolve upon his executor or administrator by virtue of the representative nature of his

office.   If this ring belonged to the claimant by gift from the testator in his lifetime, its subsequent taking by Wheeler, who was his executor, could not create a claim against the deceased. The claimant never had any claim against the deceased and when Wheeler took it, he did so as the individual and, as the individual, could be made responsible in a proper proceeding for the consequences of his act.

It was supposed at the General Term, by the learned justices who concurred in affirming the recovery, that authority for the maintenance of such a claim, as against the executor, could be found in the following two cases : *Wall* v. *Kellogg's Executors* (16 N. Y. 385), and *De Valengin's Administrators* v. *Duffy* (14 Peters, U. S. 282.)   I cannot so read these cases. In *Wall* v. *Kellogg's Executors*, the testator, by his will, had given a power of sale to his·executors and they, acting under the power of sale, sold certain lands ; the title to which was, in fact, only held by the testator as a naked trustee for the plaintiff and another.   The plaintiff was always equitably entitled to a conveyance of them, upon the payment of certain moneys.   The executors by selling the lands to a third person, who bought in good faith and without notice, had deprived themselves of the power of performing specifically their testator's agreement to convey the lands to the plaintiff.   The action was, therefore, held to be maintainable against the executors, and the estate having received the benefit of the purchase money paid for the lands, it was equitably chargeable with the sum which the plaintiff had been obliged to pay to protect his interest in them.   In the case of *De Valengin's Administrators* v. *Duffy*, De Valengin was the bailee of certain goods shipped by ·Duffy, which were captured by the Brazilian government.   De Valengin prosecuted a claim against that government for remuneration, but died before receiving any thing upon it.   After his death the Brazilian government made compensation to De Valengin's administrators.   Duffy sued the administrators, as such, for the moneys they had so received.   The action was held maintainable, because De Valengin's administrators had received the moneys

as administrators·; and the case was likened to that of a factor, who dies after the sale of his principal's property and before the receipt of the money. This principle was laid down in the opinion : " Whatever property or money is lawfully recovered or received by the executor or administrator, after the death of the testator or intestate, in virtue of his representative character, he holds as assets of the estate, and he is liable therefor, in such representative character, to the party who has a good title thereto." In each of those cases the liability of the executors, or of the administrators, as such, existed because of transactions to which the deceased had been a party and because his estate had become chargeable with a liability which he was under, or would have been under, if he had lived. An executor cannot subject the estate in his hands for administration to some new liability, either by his contract, or by his wrongful act. In the present case, whatever claim this claimant had, because of the taking of the ring from her possession by Mr. Wheeler, was against him individually and in no sense against him in his executorial capacity.

It was said, in the opinion of the majority at the General Term, that "no harm can be done by the executor delivering it back to the plaintiff," and the·argument in support of the proceeding would seem to be that, as it is neither a claim on a contract, nor a claim for damages, but simply a claim for the restoration of the ring to the claimant, the case falls without the ordinary rule. I fail to see any force in the suggestion. The result has been to impose costs upon this estate, amounting to upwards of $700 ; and to that extent to unlawfully diminish the assets of the estate. Upon what legal theory, or upon what authority, shall the estate be made to pay this large sum of costs, which has rolled up in defending the executor's act ? I know of none. The executor could not, by offering to refer the claim, waive the essential prerequisite of the statute that the claim must have been one against the deceased, which had accrued in his life, or which would have accrued against him, had he lived.

The judgment appealed from should be reversed and an order entered dismissing the proceeding, with costs in all the courts to the appellant against the respondent.

All concur.

Judgment accordingly.