(36 Misc. Rep. 526.)

### ALEXANDER v. GREACEN et al.

(Supreme Court. Appellate Term. December, 1901.)

1. EXECUTORS—SALE OF REALTY—LIABILITY.

On sale of testator's real estate under a testamentary power the executors stipulated that all taxes, assessments, etc., would be allowed out of the purchase money, and the property conveyed free from all incumbrances. *Held* that, where 17 years after the sale and deed an unpaid assessment which was a lien on the property is discovered, the purchaser could recover from the executors the assessment as for money had and received, though the assessment was compromised and paid by a guaranty company which had insured the title.

2. SAME.

The executors are liable as such, because the money in question under the terms of the contract never belonged to the estate.

Appeal from city court of New York, general term.

Action by Thomas Alexander against Robert A. Greacen and others. From an order of the general term (72 N. Y. Supp. 1085) reversing a judgment of the trial term and ordering a new trial, plaintiff appeals. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Edward E. Sprague and William H. Stockwell, for appellant.

Creevey & Rogers, for respondents.

SCOTT, J. The defendants, acting under a power in the testator's will, offered for sale, at auction, in March, 1896, certain real estate of which the testator had died seised. The terms of sale, partly printed and partly written, contained the following clauses:

"All taxes, assessments, liens, or incumbrances upon said premises will be allowed out of the purchase money. The property is sold by a good title in fee simple, and will be conveyed by the usual executor's deed, free and clear from all incumbrances."

The plaintiff became a purchaser of a part of the property, and in due season, in compliance with the terms of sale, paid to the defendants, in cash and mortgages, the amount of the purchase money. There was at that time, unknown to either plaintiff or defendants, an assessment upon the property, which had been confirmed in 1873. No allowance was made to the purchaser for this assessment, which remained unpaid until April, 1900, when it was compromised and satisfied by the payment of a sum considerably less than the aggregate amount apparently due for the assessment and interest. This

·settlement was made, in behalf of plaintiff, by a lawyer connected ·with the Title Guarantee & Trust Company. The executors' contract, to allow liens out of the purchase money, was not merged :in the executors' deed. It is well recognized that there are certain agreements, by sellers of land, that are not necessarily merged, and whether they are so merged becomes a question of intention. "When a deed of conveyance is made and accepted pursuant to an ·executory contract to sell and convey land, * * * of which the conveyance is not necessarily a performance, the question whether such stipulations are surrendered is treated as one of intention; .and in the absence of evidence upon the subject there is no presumption of intention to give up those benefits or that they are satisfied by the conveyances." Disbrow v. Harris, 122 N. Y. 362, 25 N. E. 356; Morris v. Whitcher, 20 N. Y. 41; Witbeck v. Waine, 16 N. Y. 532; Murdock v. Gilchrist, 52 N. Y. 242; Brennan v. Schellheimer, 13 N. Y. Supp. 558. The contract in the present case was one which was intended to be carried out before the deed was ·delivered at all, and doubtless would have been had either party known of the assessment. It was not, therefore, intended to be incorporated into, or superseded by, the deed, which was to contain and did contain only the usual executors' covenants against their own acts. The preliminary agreement, therefore, survived the deed. That the assessment was compromised and paid by the Title Guarantee & Trust Company is not material, nor is it material whether or not the company had insured the title to plaintiff, .and so, as between it and him, had become liable to pay the assessment. If any such contract of insurance or indemnity existed, it was not made for defendants' benefit; they were not privy to it and ·can gain no advantage from it. Even assuming that the company had insured the title, and had in fact paid the assessment in fulfillment of its policy, the plaintiff is bound to give it the benefit of all rights and remedies within his reach to make its loss as small as possible. Even if it sued the defendants for the return of the money paid to satisfy this assessment, it would have to do so not in its own right, but in plaintiff's right, and as equitable assignee of his ·cause of action. It would still be his action, based upon his contract with the defendants. If he sees fit to sue in his own name, although for the ultimate benefit of his insurers, the defendants have no cause to complain.

It is objected by the defendants that this action will not lie against ·them in their representative capacity, but that they must be sued, if at all, as individuals. If this were an action for damages for a wrongful act done by the executors, or upon a contract for services ·rendered to them, or for any cause of action in which a recovery would tend to diminish the estate, the contention would be well founded. There is a class of cases, however, of which this is one, wherein an executor or administrator, having received in his executional capacity money which belongs and should be paid to another, may be sued in his representative capacity. In such case a recovery does not tend to diminish the estate, because the money received by the executor was never properly a part of the estate.

Wall v. Kellogg's Ex'rs, 16 N. Y. 385; De Valengin v. Duffy, 14 Pet. 282, 10 L. Ed. 457; Dunham v. Fitch, 48 App. Div. 321, 62 N. Y. Supp. 905. The defendants, as executors, received money belonging to the plaintiff to which, under their terms of sale, they were not entitled and should not have received. Although they received it in their representative capacity it did not belong to the estate, which should not in any proper sense be deemed to have been enriched thereby. Consequently, the estate will not be impoverished if the money be returned to him from whom, but for the ignorance of all parties as to the existence of the assessment, it would never have been taken. We see no reason, since the contract to allow the liens out of the purchase money survived the deed, why the plaintiff cannot recover in an action at law upon the contract. In our opinion the verdict was rightly directed in favor of the plaintiff.

Judgment of the general term of the city court reversed, and judgment at trial term affirmed, with costs. All concur.