(68 App. Div. 299.)

### REIMERS v. SCHMITT et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

REPLEVIN AGAINST ADMINISTRATRIX—SUBSTITUTION OF DEFENDANTS.

Where an administratrix has induced one in the possession of property given to him by the intestate to give it up to her, and he replevies it, she cannot substitute the next of kin as defendants on the theory that she makes no individual claim on it, but holds it as administratrix only, and that the next of kin have notified her that they will hold her personally responsible for it.

Appeal from special term, Kings county.

Action by Bernhard N. Reimers against Christina Schmitt and others. From an order interpleading and substituting Christina Schmitt, as administratrix of Frederick J. Welner, deceased, and others, as defendants in place of Christina Schmitt individually, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

I. Henry Harris, for appellant.

T. Ellett Hodgskin, for respondents.

HIRSCHBERG, J. This is an action in replevin, by which the plaintiff seeks to recover from the defendant individually the possession of a diamond stud. The complaint is verified, and alleges that the defendant wrongfully took the stud from the plaintiff on or about the 16th day of April, 1901. The plaintiff alleges in his affidavit filed in opposition to the motion for substitution herein that the stud was given to him by one Frank J. Welner, now deceased, during his lifetime; that after the death of said Welner the defendant was appointed his administratrix; and that she and her husband, who is a lawyer, took advantage of the plaintiff's

ignorance of the law with reference to estates to persuade and induce him to give up the stud to her notwithstanding it had been given to him in his lifetime by the deceased. None of these allegations are denied. The summons and complaint were served on May 3, 1901, and the stud was replevied by the plaintiff with the affidavit, undertaking, and requisition required by law, and thereafter the defendant reclaimed the property by the giving of the notice, affidavit, and undertaking required by the Code of Civil Procedure, and the same was delivered to her, and was in her possession at the time the motion was made. The defendant, in the affidavit on which the motion was based, asserts that she makes no claim individually to the stud, but that she holds it as administratrix only, and claims it only in that capacity; that the next of kin of Frank J. Welner, viz., his mother, brother, and two sisters, have notified her (she also being one of the next of kin, a sister) that they will hold her personally responsible if she delivers the property to the plaintiff; and that the claims of the persons who are entitled to the assets of the estate of the deceased have been made without collusion. The order appealed from directs that the defendant, as administratrix, and the remaining next of kin individually, be substituted as defendants in the action in the place and stead of the defendant individually.

I know of no authority for the order, and none is cited by the respondent. The plaintiff has a good cause of action against the defendant if it be true that she has converted his property, and the court cannot deprive him of the right to maintain it by ordering him to substitute in her place defendants against whom he has no claim. There is no provision of the Code authorizing the substitution of defendants under such circumstances. There is provision for the claim of a chattel in replevin by third parties (section 1709, Code Civ. Proc.), but such claim must be against the defendant, and must be made before the chattel is actually delivered to either party. Manifestly, that provision has no application to the case. Neither has section 452 of the Code any application. The controversy between the parties can be completely determined without the intervention of others. The defendant, as administratrix, would not be a proper party defendant, and consequently the next of kin, whom she represents, are not.

It must be assumed that the plaintiff's statement as to the manner in which the defendant acquired possession of the stud is true. There is no answer to the complaint, and no denial of its allegations. That the defendant is solely liable individually if any liability exists was decided by the court of appeals in the case of Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950. There it was held that an executor of an estate could not subject it to a new liability either by his contracts or by his wrongful acts, and that, accordingly, where one to whom a diamond ring had been given by the deceased in his lifetime was induced by the executor to deliver it to him, the executor personally was solely liable, and not the estate. Whether possession was obtained, as the claimant asserted, for the mere purpose of inspection, or, as claimed by the executor, so that he might

inventory the ring among the assets, the court said (page 330, 145 N. Y., and page 951, 39 N. E.) was "not very material." In either event, I infer, if a recovery could be had at all in any form of action, it would be against the executor individually. The court said (page 331, 145 N. Y., and page 951, 39 N. E.):

"If this ring belonged to the claimant by gift from the testator in his lifetime, its subsequent taking by Wheeler, who was his executor, could not create a claim against the deceased. The claimant never had any claim against the deceased, and when Wheeler took it he did so as the individual, and as the individual could be made responsible in a proper proceeding for the consequences of his act."

And at page 332, 145 N. Y., and page 951, 39 N. E.:

"An executor cannot subject the estate in his hands for administration to some new liability, either by his contract or by his wrongful act. In the present case whatever claim this claimant had because of the taking of the ring from her possession by Mr. Wheeler was against him individually, and in no sense against him in his executorial capacity."

The defendant in this case may, of course, upon the trial entirely defeat the plaintiff's claim. But a plaintiff is entitled to conduct even a losing lawsuit. The effect of the order is to compel him to release the only responsible party who can by any possibility be liable to him,—the only one who has possession of the property which he seeks to obtain,—and to substitute in her place individuals who neither have nor claim any legal right to the possession of the property under the forms of law, and against whom he has no cause of action whatever.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.