(78 App. Div. 440.)

### MORAN v. MORRILL.

(Supreme Court, Appellate Division, First Department.   January 23, 1903.)

1. EXECUTORS—ACTIONS—POSSESSION OF PROPERTY—REPRESENTATIVE CAPACITY.
  Where a testator attempted to will property which he held only as bailee, and his executor, as such, took possession of the property, and refused, on proper demand, to deliver it to the owner, the owner could maintain an action against the executor in his representative capacity for the possession of the goods or their value.

2. SAME—WAIVER—CONVERSION.
  By bringing an action against an executor for the possession or the value of certain goods received by him in his representative capacity, plaintiff waives any right she may have had to treat the refusal of her demands for the goods as a conversion.
  Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Annette Moran against J. Lee Morrill, as executor of Edward Moran, deceased.   From a judgment in favor of defendant and an order denying plaintiff's motion 'for an entry of a general verdict upon special verdicts of the jury and granting defendant's motion for nonsuit, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Theodore Sutro, for appellant.

Burton T. Beach, for respondent.

LAUGHLIN, J.   The action is brought against the executor and trustee of Edward Moran, deceased, in his representative capacity, to recover the possession of certain paintings alleged to be owned by the plaintiff.   Two causes of action to recover different pictures are set forth.   The plaintiff gave evidence tending to show that on the 30th day of August, 1899, the testator, in his lifetime, by an instrument in writing under his hand and seal, assigned and transferred the paintings to which the first cause of action relates to her, and that the assignment was duly delivered.   The assignment recited that the paintings were in testator's possession, and also contained the following declaration: "And I further declare that such possession of said paintings as I may hereafter have  is to hold and manage the same as the property of said Annette Moran, I  acting as agent for her in managing, holding, and controlling the same."   The paintings remained in the possession of the testator pursuant to this agreement at the time of his death.   The will was executed on the 7th day of June, 1901, and the testator died two days thereafter.   The testator thereby, in disregard of his assignment to the plaintiff, expressly gave, devised, and bequeathed these paintings to his executor in trust for

other purposes. The second cause of action related to other paintings alleged to have been given by the testator to the plaintiff, and she gave evidence tending to establish a gift thereof inter vivos. The paintings came into the hands of the executor as part of the estate, and were inventoried by him as such. After demanding possession, which was refused, the plaintiff brought this action. The executor never asserted any individual right, title, or claim to the property; but he contended, and avers in the answer, that the paintings were part of the estate, and that it was his duty as executor to hold them. At the close of all the evidence motions were made by each party for direction of a verdict. The court reserved its decision thereon, and submitted special questions to the jury. The questions submitted were whether the testator made a valid gift of the pictures to the plaintiff in his lifetime and their value. The plaintiff is the widow of the testator. There was a fair question of fact as to whether the assignment was delivered to her. The court, in submitting this question, instructed the jury, in effect, that, if they found that it was delivered, there was a valid gift. There was also a fair question of fact as to whether there was a gift inter vivos of the other paintings. The jury found that the value of the paintings was $65,000. The court thereupon nonsuited the plaintiff upon the ground that the action was in tort, and was improperly brought against the executor in his representative capacity, and the plaintiff duly excepted. This is the principal question arising on the appeal.

The paintings were left in the possession of the testator. He held them as bailee. His possession devolved upon his executor, who likewise held them lawfully in the same capacity. The general rule is that, where a cause of action arises on contracts made with executors or administrators, or arises wholly out of some act done by them in their representative capacity, they are only liable individually. In Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950; O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238; Reimers v. Schmitt, 68 App. Div. 299, 74 N. Y. Supp. 122. In this case, while a demand for possession was doubtless necessary before bringing the action, the right to make the demand existed against the testator in his lifetime and against his executor after his death. The testator, as bailee, owed a duty to the plaintiff to exercise reasonable diligence in the care and preservation of this property, and that duty devolved upon his executor. The defendant admitted in the answer that he took possession of the property as executor, and, as has been shown, his possession was lawfully derived from the testator. It could become unlawful only upon a demand and refusal to deliver the property to the plaintiff. The right to possession was vested in the plaintiff, and, if she had made a demand upon the testator, her cause of action would have been complete against him, and would exist against his representatives as such. This, I think, brings the case within the rule that executors are liable in their representative capacity to the true owner for property received by them in such capacity. De Valengin v. Duffy, 14 Pet. 282, 10 L. Ed. 457; Wall v. Kellogg's Ex'rs, 16 N. Y. 385; Dunham v. Fitch, 48 App. Div. 321, 62 N. Y. Supp. 905. The plaintiff merely seeks to recover her property, or its value if possession

cannot be delivered. It is true the complaint alleges that possession was wrongfully withheld, but the demand was confined to the possession of the property or its value, and that is the only claim made by her counsel upon the trial. Undoubtedly, the refusal of the executor to deliver this property might have been treated by the plaintiff as a conversion, but she seeks merely to obtain the possession of the property or its value, and nothing in the nature of damages for a tort as such was claimed at the trial. No execution for the recovery of money can be issued against the executor without leave of the surrogate's court, and it must be shown as a basis therefor that there are assets in his hands. It is manifest that no body execution could be issued against him in his representative capacity; so that, whatever claim the plaintiff might have against him for any other cause of action is necessarily waived by bringing the action against him in this form. No error on the trial prejudicial to the respondent is assigned which requires special consideration.

It follows, therefore, that the judgment and order should be reversed, with costs, and the plaintiff should be permitted to enter judgment in proper form against the defendant upon the special verdict.

VAN BRUNT, P. J., and PATTERSON and HATCH, JJ., concur.

INGRAHAM, J. (dissenting). The complaint alleges that at the time of the commencement of the action, and at all times thereafter mentioned, the plaintiff was, and still is, the owner of and entitled to the possession of certain goods and chattels particularly described; that one Edward Moran died in the county of New York on the 9th day of June, 1901, and that the defendant was named as executor and trustee in his will, which was admitted to probate, and letters testamentary thereunder were issued by the surrogate to the defendant on the 25th day of June, 1901; that on or about the 1st day of November, 1901, the defendant, claiming to act as executor and trustee as aforesaid, took possession of the goods and chattels belonging to the plaintiff before specified, and caused them to be stored with and put into the warehouse of a safe deposit company, and caused receipts for said goods and chattels to be issued in his name as said executor; that the plaintiff duly demanded of the defendant that he return the said goods and chattels, and that the defendant has neglected and refused so to do, and wrongfully retains the same from the plaintiff, to the plaintiff's damage in the sum of $75,000. There is a second cause of action alleged, which contains the same allegations relating to other specified goods and chattels, and the complaint demands judgment against the defendant for the possession of the goods and chattels enumerated, or, in case possession cannot be given to the plaintiff, for the value of the goods and chattels and for damages for the retention thereof. The answer denies the ownership by the plaintiff of the property, or the right to the possession thereof, and the value of the property; admits the issuance of letters testamentary; and that, as executor under the will of the late Edward Moran, and claiming to act as such executor, he took possession of the said goods and chattels mentioned in the complaint; and denies each and every other al-

legation of the complaint. Upon the trial the plaintiff introduced evidence which she claimed tended to show that she was the owner of the property described, whereupon the court submitted a special question as to whether the defendant's testator in his lifetime made a valid gift of the property described in the complaint to the plaintiff, to which the jury answered that he did, and the jury were then directed to fix the value of the property, which they fixed at $65,000. After the verdict upon these special questions, the plaintiff requested the court to direct a general verdict for the plaintiff upon the special verdict, which the court denied, to which plaintiff excepted, and upon motion of the defendant the court dismissed the complaint upon the ground that the action was improperly brought against the defendant as executor and trustee, the action being brought for the wrongful act of the executor and trustee, for which the estate was not liable. To this the plaintiff excepted.

The action of replevin is regulated by Code Civ. Proc. §§ 1689 to 1736, inclusive. As no writ of replevin was issued, the action proceeded under section 1718 of the Code, which provides: "The plaintiff may proceed in the action, and recover therein the chattel, or its value, although he has not required the sheriff to replevy it, or the sheriff has not been able to replevy it." By section 1723 it is provided that "the defendant may, by answer defend, on the ground that a third person was entitled to the chattel, without connecting himself with the latter's title." Section 1726 provides that the verdict before decision must, "where it awards to the plaintiff a chattel which has not been replevied, * * * except in a case specified in the next section, fix the value of the chattel at the time of the trial." Section 1730 provides that: "Final judgment for the plaintiff must award to him possession of the chattel recovered by him, with his damages, if any. If a chattel recovered was not replevied, * * * the final judgment must also award to the plaintiff the sum fixed as the value thereof, to be paid by the defendant, if possession thereof is not delivered to the plaintiff." The question here is whether an action to recover the possession of chattels in possession of an executor or trustee can be brought against the executor in his representative capacity. It is a general rule that actions can only be brought against an executor in his representative capacity for claims or demands existing against the testator at the time of his death. In all actions for a wrongful or unlawful act committed by the executor after letters are issued to him the executor is individually liable, and this is upon the principle that an executor cannot impose upon the estate of which he is the representative a liability for his acts. The general rule is stated in 11 Am. & Eng. Enc. Law (2d Ed.) p. 943:

"If an executor or administrator, as such, receives money or takes possession of property to which the estate has no right, he is liable to an action by the real owner for its recovery. The authorities are uniform in holding this, and they generally hold that he incurs personal liability; but there is some diversity as to whether his liability is only personal, or whether he also becomes liable in his representative capacity. The English courts, adhering to the principle that an executor or administrator has no power to create any new liability on the estate, hold that he becomes liable in his individual capacity alone, though the money or property is applied to the purposes of the

estate; and some of the decisions in the United States are to the same effect. But other authorities have adopted a more equitable rule, and hold that, if an executor or administrator has applied to the use of the estate money or proceeds of property belonging to third persons, he is liable in his representative capacity, and that the person injured may elect whether he will hold the executor or administrator liable personally or in his representative capacity."

Where, however, an estate of a decedent has been held liable, the decision is based upon the equitable consideration that the estate, having received the benefit of the act of the executor, is chargeable with the money received by the executor and applied to the use of the estate. Wall v. Kellogg's Ex'rs, 16 N. Y. 385. The act of an executor in taking possession of property not belonging to the decedent, where no benefit has accrued to the estate, imposes no liability upon the estate to pay the value of the property thus taken. This is the effect, I think, of the decision in Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950. In that case the respondent presented a claim against the estate of Dodge for a diamond ring, which she alleged the testator had given to her, and which, after his death, she had handed to the executor, at his request, for inspection. The executor disputed the validity of the claim, and, upon his offer to refer the same, a reference was consented to and ordered. The referee reported in favor of the claimant. The court held that the finding of the referee that the deceased in lifetime had given the ring to the claimant was in accord with the evidence in the case; that that being the case, and the claimant having shown that she had lost possession of the ring solely through the act of the executor, no proceeding against the estate could be maintained; and, after referring to the case of Wall v. Kellogg's Ex'rs, supra, and the case of De Valengin v. Duffy, 14 Pet. 282, 10 L. Ed. 457, the court said that in each of these cases the liability of the executor or administrator, as such, existed because of transactions to which the deceased had been a party, and that his estate had become chargeable with a liability which he was under, or would have been under if he had lived; that an executor cannot subject the estate in his hands for administration to some new liability, either by his contract or by his wrongful act; that whatever claim the claimant had was against the executor individually, and in no sense against him in his executorial capacity. The same conclusion is reached in Rose v. Cash, 58 Ind. 278. There is here presented, I think, the broad distinction between a case where an estate can be held liable for money or property received by an executor, which he refuses to deliver to its real owner, and a case where he is responsible individually only. Where an executor has taken property not belonging to his testator, and claims to hold it in his representative capacity, to recover the possession of that property or for its conversion, the action must be brought against the executor individually. It is the wrongful act of the executor in taking possession of the property to which he is not entitled, or in withholding the possession thereof from the real owner, upon which the cause of action is based. Under the sections of the Code to which attention has been called, if this action could be maintained and these specific goods could not be recovered, the plaintiff would be entitled to a judgment against the estate for $65,000, which would impose upon the estate this large liability, based entirely upon a

wrongful act of the executor in refusing to deliver property in his possession to the plaintiff, an act for which the testator was not responsible, and with which he had nothing to do. It must be conceded, I think, that, if the plaintiff had elected to sue for a conversion, the estate would not be liable, and yet there is no distinction in this aspect of the case between the liability of the estate in an action of replevin and in an action for a conversion. In both cases the cause of action arose, not because of any act, obligation, or liability of the testator, but because of the refusal of the executor to deliver property in his possession which belonged to the plaintiff. If the executor had sold this property, and applied the proceeds to the payment of the debts of the decedent, or as directed in the will, a different question would be presented; as there, under the authorities, there would arise in favor of the owner of the property an equitable claim against the estate for the property that the executor had disposed of and applied for the purposes of the estate. But this would be an entirely different cause of action, and based upon different principles, and could not be enforced in this action, which is strictly an action of replevin to recover possession of certain property claimed by the plaintiff, and in the hands of the defendant. If the defendant had been sued in his individual capacity, he could, under section 1723 of the Code, have defended the action on the ground that he was entitled to the possession of the property as executor, or he could have asked the court that, as executor, he be made a party defendant under section 452 of the Code; but the cause of action which was here sought to be enforced was against him individually, and not as executor, and the court below correctly refused to direct judgment upon the verdict of the jury.

The case of Alexander v. Greacen, 36 Misc. Rep. 526, 73 N. Y. Supp. 1001, is not at all opposed to the view that we have taken. There the court say:

"If this were an action for damages for a wrongful act done by the executors, or upon a contract for services rendered to them, or for any cause of action in which a recovery would tend to diminish the estate, the contention would be well founded. There is a class of cases, however,—of which this is one,—wherein an executor or administrator, having received in his executorial capacity money which belongs and should be paid to another, may be sued in his representative capacity. In such cases a recovery does not tend to diminish the estate, because the money received by the executor was never properly a part of the estate."

It follows that the judgment and order appealed from should be affirmed, with costs.