### CARIDEO v. AUSTIN et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1903.)

1. EXECUTORS—BREACH OF CONTRACT—ACTIONS AGAINST—EXECUTORIAL LIABILITY.

Executors are liable as such for money paid to them in their executorial capacity as part of the purchase price of real property belonging to the estate at or before the time of entering into a contract for the sale of the same, which was not carried out because of an unsatisfied mortgage thereon which the purchaser had not agreed to assume.

2. SAME—CONTRACTS TO SELL REALTY—EXAMINATION OF TITLE—LIABILITY.

Executors are not chargeable as such with a sum paid by a prospective contract purchaser of real estate belonging to the estate for examination of the title thereto.

Appeal from Trial Term, Westchester County.

Action by Luigia Carideo against Cornelia J. Austin and another, as executors, etc., of Daniel Horton, deceased. From a judgment for plaintiff, defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frederick W. Sherman, for appellants.

David Swits, for respondent.

WILLARD BARTLETT, J. The defendants are executors under a will which confers upon them express power to sell the testator's real property, or any part thereof, at public or private sale, and to make, execute, and deliver a good and sufficient deed or conveyance of the same upon such terms as they shall deem most expedient and advantageous for the estate. Acting under this power, they entered into a contract, as executors, with the plaintiff, to sell him a certain lot which had belonged to the testator in the city of Mt. Vernon. The plaintiff agreed to pay $2,400 for the property, and did pay $400 of this amount to the agent of the defendants at or before the time of the execution of the contract. The property was to be conveyed subject only to the assessments and taxes which were liens thereon. When the time came for passing title it appeared that, in addition to these liens, there was an unsatisfied mortgage upon the premises for $550. As the defendants did not or could not produce any satisfaction piece showing the discharge of this mortgage, the plaintiff refused to take title, and brought this suit to recover damages for the failure of the defendants to carry out their contract. The trial court awarded the plaintiff the sum of $450, of which $400 appears to have been on account of the amount paid toward the purchase price and $50 on account of expenses incurred in examining the title. The only point which requires discussion in the consideration of this appeal is the proposition that the defendants should have been sued individually, and cannot be held liable in their capacity as executors. In the case of Ferrin v. Myrick, 41 N. Y. 315, Chief Judge Hunt declared it to be settled by the New York authorities up to that time that "in all causes of action where the same arises upon a contract made after the death of the testator the claim is against the executor personally, not against the estate, and the judgment must be de bonis propriis." In Matter of Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950, it is held that an executor "cannot subject the estate in his hands for administration to some new liability, either by his contract or by his wrongful act." In O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238, the liability of executors upon contracts relating to the estate is fully considered in an opinion by Judge Cullen, who declares the general rule to be well settled in this state "that executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate, and thus create a liability not founded upon the contract or obligation of the testator." If there is no exception to the rule thus stated, it is fatal to the recovery in this case. That at least one exception exists, however, is apparent from the decision of the Court of Appeals in Wall v. Kellogg's Executors, 16 N. Y. 385. In that case the executors of Kellogg had wrongfully conveyed certain property to one Beach, and it was held that, inasmuch as Kellogg's estate had received the benefit

of the consideration money paid on the sale, it was equitably chargeable with that amount. The distinction which takes that case out of the general rule is pointed out by Judge Gray in Matter of Van Slooten v. Dodge, supra, and by Judge Cullen in O'Brien v. Jackson, supra, on the ground that the funds which it was sought to recover from the executors were received by them in their executorial capacity. It seems to me that it is equally true here that the sum of $400 paid to the agent of the defendants at or before the time of the execution of the contract must be deemed to have been received by them as executors, and that the estate which they represent, having had the benefit of the payment, should be held liable for it. The judgment to this extent, therefore, should be upheld. But I do not see how they can be charged as executors with the $50 which the plaintiff expended in the examination of the title. I think the judgment should be modified by deducting that amount, and, as modified affirmed, without costs of this appeal to either party. All concur