## SCHEIBELER v. ALBEE et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. EXECUTORS AND ADMINISTRATORS—ACTIONS—SUING EXECUTORS AND TRUS-
TEES—REPRESENTATIVE CAPACITY.

Executors and trustees may be sued in their representative capacity for money received by them in that capacity under a contract for the sale of premises coming to them under the will, and to which they are unable to give good title.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 1683–1688.]

2. SAME.

The rule permitting executors and trustees to be sued in their representative capacity for money coming to them in that capacity, and which they are not entitled to retain, does not authorize an action against them for damages on account of counsel fees, and the examination of title to property which, without having good title, they contracted to sell.

3. SAME—PLEADING.

A complaint is not subject to dismissal which states a good cause of action against executors and trustees in their representative capacity for a sum specific and separable from another amount demanded, for which they are not liable in such capacity.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 1673, 1812, 1886.]

Appeal from Special Term, New York County.

Action by Emma Scheibeler aginst Elliott G. Albee and others, as trustees and executors of Elliott P. Gleason, deceased. From a judgment dismissing plaintiff's complaint, she appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.

Harold Swain, for appellant.
Roderick Robertson, for respondents.

HOUGHTON, J. Plaintiff's complaint avers that her assignor entered into an agreement to purchase, and the defendants, as trustees and executors of the estate of Elliott P. Gleason, deceased, to sell, certain premises at a specified price, and give good title thereto, and that such assignor at the time of the execution of the contract paid $1,000 on account of the purchase price thereof; that defendant failed to give good title or to repay such moneys advanced, and judgment is demanded for this money, together with $500 expended in examination of title and for counsel fee connected therewith.

Among the defenses set up by the defendants was that denominated "third," which pleaded the representative capacity of the defendants as trustees and executors of the estate of Elliott P. Gleason, deceased, and set forth the names and residences of the persons interested in the estate of the deceased, and in the premises which were the subject of the contract, and averred that each was a proper and necessary party to the action. The plaintiff demurred to this defense, and on such demurrer coming on for trial the defendant attacked the plaintiff's complaint, on the ground that it did not state a cause of action against the defendants in their representative capacity. The trial court held that the plaintiff's

complaint did not state a cause of action because the defendants were not liable, and could not be sued in their representative capacity as trustees and executors, but, if liable at all, were liable as individuals, and not in their representative capacity. To the complaint is annexed the contract which the defendants entered into, and under which they received the $1,000 set forth in the complaint, and it acknowledges the receipt of that sum. In this agreement they are described as trustees and executors, and they executed it as such. The premises bargained to be sold belonged to defendants' testator, and came to their hands under his will.

The appellant urges that the court erred in holding that his complaint did not state any cause of action whatever against the defendants in their representative capacity, and insists that it is a good pleading at least as to the $1,000 paid, because the averments in connection with the contract, which is annexed and made a part of the pleading, show that this money was received by the defendants in their representative capacity, and that the plaintiff has the right, therefore, to recover it from them in the same capacity.

We think this contention must be true. The $1,000 was lawfully received by the defendants in their representative capacity in dealing concerning the property of their testator. The averments of the complaint show that they have no right in that capacity now to retain such money, because they were unable to give good title to the premises which they contracted to convey. The obligation to repay this money does not arise out of a pledge of the credit of the estate of the testator. Such pledging of credit would be without authority, and would bind the person making it individually, instead of as a representative. The defendants having received the money in their representative capacity, an action can be maintained against them in that same capacity for its recovery. Dunham v. Fitch, 48 App. Div. 321, 62 N. Y. Supp. 905; Wall v. Kellogg's Executors, 16 N. Y. 385; De Valengin's Adm'rs v. Duffy, 14 Pet. (U. S.) 282, 10 L. Ed. 457. The pleading comes within the exception pointed out in Matter of Van Slooten v. Dodge, 145. N. Y. 327, 39 N. E. 950, and O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238, upon which authorities defendants rely. In the latter case, in commenting upon Wall v. Kellogg's Executors, supra, which was approved as illustrating an exception to the general rule, the court says that it there appeared that "the funds which it was sought to recover from the executors were received by them in their executorial capacity." This rule would not apply to the recovery of the $500 damages claimed, but the complaint stating a good cause of action against the defendants in their representative capacity for a specific sum, separable from the other amount demanded, its dismissal on the ground that it stated no cause of action was error, for which the judgment, so far as appealed from, should be reversed, with costs. All concur.