NEWCOMB et al. v. BURBANK et al.

(Circuit Court, S. D. New York. June 18, 1906.)

1. EXECUTORS AND ADMINISTRATORS—LIABILITY TO THIRD PERSONS—PROPERTY
   RECEIVED FROM ESTATE.
   Whatever property is received by an executor after the death of the
   testator in virtue of his representative capacity he holds as assets of
   the estate, and is liable therefor in such capacity to the true owner.

   [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and
   Administrators, §§ 279–300.]

2. SAME—ACTION AGAINST FOR CONVERSION.
   For a conversion by executors of property received by them from the
   estate of their testator, but owned by a third party, the owner may, at
   his election, proceed against them individually or in their representative
   capacity; but where the complaint seeks to charge them both as in-
   dividuals and as executors, they may set up in their answer any matter
   which would constitute a defense in either aspect of the case.

At Law. On demurrer to answers.

Dailey & Williams (Abram H. Dailey and Melville J. France, of
counsel), for plaintiffs.

Hawkins & Delafield and Francis M. Jencks (Eugene D. Hawkins,
of counsel), for defendants.

HAZEL, District Judge. This action is claimed by plaintiffs to be
at law, and no objection is made to that form of proceeding. The
complaint alleges that the defendants, individually and as executors,
have wrongfully converted certain bonds and accumulations to the
possession of which plaintiffs are entitled, and wrongfully claim to
hold such securities as part of the estate of which they are executors.
The separate answers interposed by the defendants, after denying the
material allegations of the complaint, set forth that as executors they
rejected the asserted claim of the plaintiffs, and, no consent having been
filed with the surrogate of New York county, wherein the decedent
resided, for hearing of said claim upon the judicial settlement of their
accounts, this action is barred by the provisions of section 1822 of the
Code of Civil Procedure. Plaintiffs have demurred to the latter part
of the answers, claiming that they contain new matter, and are in-
sufficient in law. The theory advanced by plaintiffs at the hearing
was that the securities alleged to have been converted by the defend-
ants did not come into their possession as representatives of the estate
of Ambrose B. Burbank, because at the time of his demise he was
not the owner thereof, and that under an arrangement entered into with
plaintiffs' testatrix his custodianship ceased upon his death, and hence
it was the duty of his executors, the defendants, on demand, to sur-
render such property to the plaintiffs. Defendants contend that the
property specifically mentioned in the complaint is not distinguishable
from other property of the decedent, and therefore it became an asset
of the estate, and plaintiffs' claim must be asserted as that of a general
creditor. The general rule is found in De Valengin's Administrators
v. Duffy, 14 Pet. 282, 10 L. Ed. 457, where it is stated:

"Whatever property or money is lawfully recovered or received by the executor or administrator after the death of the testator or intestate, in virtue of his representative character he holds as assets of the estate, and he is liable therefor in such representative character to the party who has good title thereto."

See, also, Wall v. Kellogg's Executors, 16 N. Y. 385; Dunham v. Fitch, 48 App. Div. 321, 62 N. Y. Supp. 905; Matter of Van Slooten v. Dodge, 145 N. Y. 332, 39 N. E. 950.

It may appear on trial that the securities mentioned in the complaint totally lack identity, and in such case may come within the description of assets. Schouler on Executors (3d Ed.) § 205. If, as claimed, the decedent held the bonds as bailee, such possession passed to the executors, who similarly held them. In Moran v. Morrill, 78 App. Div. Rep. 440, 80 N. Y. Supp. 120, affirmed in 177 N. Y. 563, 69 N. E. 1127, a somewhat similar case, certain paintings of which the plaintiff claimed to be the owner were left in the possession of the testator. An action was brought against the executor in his representative capacity to recover their possession or their value. The possession of the paintings, Justice Laughlin says, was lawfully derived from the testator, and, to quote from the opinion:

"It could become unlawful only upon a demand and refusal to deliver the property to the plaintiff. The right to possession was vested in the plaintiff, and if she had made a demand upon the testator her cause of action would have been complete against him, and would exist against his representative as such. This, I think, brings the case within the rule that executors are liable in their representative capacity to the true owner for property received by them in such capacity."

In this case the plaintiffs allege that possession is wrongfully withheld, but the demand for judgment is confined to the value of the bonds. In the case cited the court was of the opinion that the refusal of the executor to deliver the property might have been treated by the plaintiff as a conversion, but no demand in tort was alleged. The authorities are not uniform as to whether the torts of executors or administrators are to be treated as an individual liability or in their representative capacity, but an election may be made whether the action shall proceed against the executors or in their representative capacity. Conger v. Atwood, 28 Ohio St. 134, 22 Am. Rep. 162; 11 Amer. & Eng. Ency. of Law (2d Ed.) p. 943. If upon the trial the plaintiffs elect to proceed against the defendants in their representative capacity, and the defendants are able to show that the property described in the complaint cannot be separated from other property of a like character belonging to the decedent, then, notwithstanding the alleged conversion, it may be that the claim should have been asserted, under the provisions of section 1815 of the Code of Civil Procedure; but, if this is not shown, the asserted wrongful acts would seem to be of such character as to involve an individual liability.