Michael J. O'Brien, Respondent, *v.* Henry H. Jackson et al., as Executors of and Trustees under the Will of Peter A. H. Jackson, Deceased, Appellants.

1. Contract — Executory Agreement by Executors or Testamentary Trustees. Executors or testamentary trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator.

2. When Action at Law against Executors and Testamentary Trustees not Maintainable. An action at law against executors and testamentary trustees to recover a balance due on a contract made by them for repairs to buildings devised to them in trust, although they were empowered by the will to make such repairs, cannot be maintained against them in their representative capacity, and the denial of a motion to dismiss the complaint therein is reversible error.

*O'Brien* v. *Jackson*, 42 App. Div. 171, reversed.

(Argued March 14, 1901; decided April 30, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 20, 1899, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward W. S. Johnston* for appellants. Plaintiff is not entitled to recover from the defendants as executors and trus-

tees in an action at law, where he has neither alleged ı proved that the defendants individually were insolvent, or that having no funds of the estate in their hands, they agreea with him that the expenses of the work which he did upon the buildings belonging to the estate of their testator should be a charge upon the trust estate or trust fund in their hands. (*Mulrein* v. *Smillie,* 25 App. Div. 135 ; *Pike* v. *Thomas,* 47 S. W. Rep. 110 ; *Keating* v. *Stevenson,* 21 App. Div. 604; *New* v. *Nicoll,* 73 N. Y. 127; *Willis* v. *Sharp,* 115 N. Y. 396 ; *Stewart* v. *Robinson,* 115 N. Y. 328 ; *Austin* v. *Munro,* 47 N. Y. 360 ; *Parker* v. *Day,* 155 N. Y. 387 ; *Hackmann* v. *Maguire,* 2 West. Rep. 441 ; *Schmittler* v. *Simon,* 101 N. Y. 554.)

*Thomas C. Ennever* for respondent. The executors and trustees were properly sued in their representative capacity. (*Chouteau* v. *Suydam,* 21 N. Y. 179 ; *Noyes* v. *Turnbull,* 54 Hun, 30 ; *Foland* v. *Dayton,* 40 Hun, 563 ; *New* v. *Nicoll,* 73 N. Y. 127.)

CULLEN, J. This action was brought against the defend-ants, as executors of and trustees under the will of Peter A. H. Jackson, deceased, to recover a balance due on a contract for repairs made to some buildings of the testator which were devised to the defendants on certain trusts. The complaint alleged that the defendants were the executors of and trus-tees under said will and were authorized to make the agree-ment sued on. This allegation as to authority was put in issue by the answer. On the trial of the case the defendants moved to dismiss the complaint on the ground that it stated no cause of action against them in their representative capacity. This motion was denied. At the close of the evidence the motion was renewed on the same grounds and again denied, to which rulings the defendants excepted. The case was then submitted to the jury on the issues relating to the per-formance of the contract and the plaintiff's claim for extra work. A verdict was rendered for the plaintiff, on which

dgment was entered that the plaintiff recover of the defend-
ants, as executors of and trustees under the last will and testa-
ment of Peter A. H. Jackson, deceased, a specified sum and
that the plaintiff have execution therefor. The judgment
having been affirmed by the Appellate Division, an appeal
has been taken to this court.

We are of opinion that the action in its present form can-
not be maintained, and the defendants' motion to dismiss the
complaint as not stating a cause of action against them in their
representative capacity should have been granted. The
general rule is well settled in this state that executors or trus-
tees cannot, by their executory contracts, although made in
the interest and for the benefit of the estate they represent, if
made upon a new and independent consideration, bind the
estate and thus create a liability not founded upon the con-
tract or obligation of the testator. (*Ferrin* v. *Myrick*, 41
N. Y. 315; *Austin* v. *Munro*, 47 N. Y. 360; *Matter of Van
Slooten* v. *Dodge*, 145 N. Y. 327; *Parker* v. *Day*, 155 N. Y.
383.) The reason for the rule is clearly explained by HUNT,
Ch. J., in the earliest of the cases cited. While as between
the executor and the person with whom he contracts the latter
may rely on the contract, the beneficiaries are not concluded
by the executor's act, but the propriety of the charge and the
liability of the estate therefor must be determined in the
accounting of the executor. In an action at law against the
executor, the legatees and persons interested in the estate
have no opportunity to be heard. To the general rule there
are exceptions, and an equitable action can be maintained
against the estate on behalf of a creditor in case of the fraud
or insolvency of the executor, or when he is authorized to
make an expenditure for the protection of the trust estate,
and he has no trust fund for the purpose. In the latter case,
if unwilling to make himself personally liable he may charge
the trust estate in favor of any person who will make the
expenditure. Charges against the trust estate in such cases
can be enforced only in an equitable action brought for the
purpose. To that action the beneficiaries and *cestuis que*

*trust* are necessary parties. The trust estate cannot be depleted or swept away except in an action which they may defend. The defendants were personally liable on their contract with the plaintiff, but the action cannot be changed on this appeal into one against the defendants individually. (*Austin* v. *Munro, supra.*) Any amendment of the pleadings or in the parties must be sought in the Supreme Court.

This action is in form at law and has proceeded on that theory. The judgment is for the recovery of a sum of money and authorizes the issue of an execution. But while no action at law can be maintained against the defendants in their representative capacity, it may be that if the complaint stated a good cause of action in equity, the defendants' motion to dismiss the complaint was properly denied, and the judgment might be suffered to stand for whatever it is worth in any subsequent proceedings the plaintiff should take to reach the trust estate. The defendants did not take the objection at the trial either by demurrer or answer that their *cestuis que trust* were not made parties to the action, and, therefore, cannot raise that objection now. But the difficulty is that the complaint did not allege facts sufficient to entitle the plaintiff to charge the trust estate in equity. It did not allege that the defendants were insolvent or not amply personally responsible for the debt; nor did it state that the defendants were without funds sufficient to pay for the work contracted for. It is said by the learned Appellate Division that the will authorized the executors to make the improvement for which the plaintiff seeks to recover. By his will the testator devised his residuary estate, real and personal, to his executors in trust to hold the same in shares and to apply the income of one share to each of his children during life, and upon the death of the child the testator devised the share to the issue or heirs at law of such child. He directed his executors to pay all taxes and assessments on his property, "keep the same insured and in good repair and condition, if damaged, rebuilt, while held in trust by them respectively as aforesaid." The executors were authorized to

sell certain pieces of real property with the consent of all his children; while as to the remainder of the real estate, they were given no power of sale. The trustees were, therefore, empowered by the will to make the improvement out of which this action grows. Probably, the repairs being necessary, they would have the same power without express direction in the will. But the authority to incur the expense did not of itself create the right to run in debt for it, and pledge or mortgage the trust estate for the payment of the debt. Ordinarily the cost of repairs should be borne by the income of the estate as it accrues. Extraordinary expenditures might, however, become necessary, which the income should not exclusively bear, or which might properly be apportioned between income to accrue in various years in the future. The Supreme Court is now empowered by statute to authorize a sale or mortgage of the trust estate under proper circumstances and for sufficient reasons. But what is a proper charge on the estate and how that charge should be apportioned and satisfied are to be determined in proceedings between the trustee and his *cestui que trust.* Unless he is without trust funds sufficient for the purpose, he must act for himself in making expenditures, leaving the propriety of the expenditures to be determined in such proceedings. He can create a lien in favor of a third party only where the expenditures would otherwise necessarily involve an advance of his own funds. In *Willis* v. *Sharp* (113 N. Y. 586) the complaint alleged the insolvency of the executor, and also the direction of the will that the executor should embark the assets of the estate in trade. This court decided that the complaint stated a good cause of action in equity. But there are two vital differences between that case and the one before us: *First,* in the insolvency of the executor; *second,* in the direction to embark the estate in trade or business, which provision it was held authorized the executor to incur debts for the conduct of the business.

Certain cases are cited as in conflict with the rule we have declared, but an examination of them will show that the conflict is apparent and not real. In *Chouteau* v. *Suydam* (21

N. Y. 179) the defendant's testator was contingently liable as indorser on notes of a third party. An agreement was made by the several parties in interest for the discharge of this liability by the sale of some pledged bonds. The action was in equity for an accounting and essentially was one to compel the performance of the compromise agreement. It was held that the execution of this agreement by a prior executor in his representative capacity, bound the estate and could be enforced against the defendant as successor. The original liability of the estate, therefore, grew out of the obligation of the testator as indorser of the notes, and the agreement sued upon was merely a settlement or compromise of that liability. In *Noyes* v. *Blakeman* (6 N. Y. 567) the trustee was without funds, and the expenditure being necessary to protect the estate, it was held that he might charge the credit of the estate. The case, therefore, fell within the well-recognized exceptions which we have stated. It was there said : " If he (the trustee) is in funds, he is bound to protect the estate, in which case he has no lien, and, consequently, cannot assign any, having none to assign." In *Wall* v. *Kellogg's Executors* (16 N. Y. 385) the funds which it was sought to recover from the executors were received by them in their executorial capacity. The opinion of Judge GRAY in *Matter of Van Slooten* v. *Dodge* (*supra*) shows that the case is not opposed to the general rule.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT MARTIN and WERNER, JJ., concur ; VANN, J., not voting.

Judgment reversed, etc.