At first reading, it would seem that the rule establishing a period of probationary service provides for a continuous term or period of 6 months, disregarding days on which, for one cause or another, the employé does not actually perform the duties of his position. But even if, as the respondent insists, there must be excluded the times during which the relator was prevented by reason of his successive unlawful removals from performing the duties of his office, still it appears that he was actually employed more than 6 months. The respondent computes the 6-months service by assuming that 182½ days (being half the number of days comprised in a year) constitute the period of 6 months contemplated by the regulation;—a method of computing time, it may be said, in passing, not authorized by the statutory construction law (Laws 1892, c. 677). He then computes that the relator served from June 13, 1899, to and including June 17, 1899, the date of his first removal, being 5 days; from October 26, 1900, to and including January 21, 1901, assumed to have been the date of his second removal, being 88 days; and from May 24, 1901, to and including August 20, 1901, the date of his last removal, being 89 days. These aggregate 182 days. The respondent appears to have overlooked the fact of the second removal. He did in the first instance undertake to remove the relator as of January 21, 1901, but on January 30th served on him a second notice of removal, to take effect on January 31st, and on February 1st addressed him a letter which referred to the letter of January 30th, and stated that it was the governing notice of dismissal. This amounted to a revocation of the attempted dismissal of January 21st. Even then, if the periods under which the relator was debarred from rendering service because of attempted removals be taken into account in computing his probationary service, it appears that his actual service was 192 days, or 10 days more than 6 months, even upon the somewhat doubtful method of computation adopted by the respondent. In any aspect of the case, it appears that the relator had served for more than 6 months when the third attempt was made to remove him. By that time his appointment had become permanent, and he was no longer subject to summary dismissal. The motion must be granted, and the writ issue.

Motion granted, and writ issued.

(36 Misc. Rep. 735.)

### OLCOTT et al. v. DE JOWIN.

(Supreme Court, Special Term, New York County. January, 1902.)

ADMINISTRATOR—POWER TO CONTRACT.

Plaintiff alleged in his complaint that he had rendered services to the estate of the decedent, domiciled at her death in Mexico, under a contract with a former deceased Mexican administrator; that the latter had appointed three personal representatives of his estate in Mexico, but that none had been appointed in the state; that he left no property in the state, except a possible interest in the estate of which he was administrator; and that his representatives were about to surrender all his claim to the assets in the state in return for the surrender by the defendant and other heirs of the intestate of any claim they might have in the Mexican estate of the administrator. *Held*, as a personal

representative cannot, by executory contract, for a new consideration, though made in the interest of the estate, bind the estate, and create a liability not founded on a contract with his decedent, the complaint states no cause of action.

Action by Emmet R. Olcott and others against Serafina Moliner De Jowin, as administratrix. Demurrer to complaint sustained.

Olcott, Mestre & Gonzalez (James L. Bishop, of counsel), for plaintiffs.

David B. Simpson, for defendant.

STECKLER, J. The amended complaint alleges the performance of legal services by the plaintiffs for the benefit of the estate of a decedent domiciled at the time of her death in the republic of Mexico; that said services were performed under a contract with the previous (deceased) administrator, who was a citizen and resident of said republic; that said administrator left a last will and testament, by which representatives of his estate were duly constituted in said republic; that no executor or other representative of said administrator has been appointed in this state; that he left no property in this state, except a possible interest in the estate of which he was administrator; and that the representatives of said administrator are about to surrender to the representatives of his intestate all claim which said administrator may have had in the assets of the estate of his intestate in this state, in consideration of the surrender by the defendant and other heirs of the intestate of any claim which they or the intestate may have had upon the estate of said administrator in Mexico. The defendant demurs upon the grounds: First, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that there is a defect of parties defendant, in that the heirs and next of kin of the intestate should be joined as defendants.

The demurrer for legal insufficiency must be sustained. There is no allegation of fact which excepts this case from the rule that executors or administrators cannot, by their executory contracts, based upon a new and independent consideration, although made in the interest and for the benefit of the estate they represent, bind the estate, and thus create a liability not founded upon the contract or obligation of the testator or intestate. O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238; Ferrin v. Myrick, 41 N. Y. 315. An equitable action can be maintained against the estate on behalf of a creditor only in case of the fraud or insolvency of the representative, or where he is authorized to make an expenditure for the protection of the estate and he has no fund for the purpose, in which latter instance, if unwilling to make himself personally liable, he may charge the estate in favor of any person who will make the expenditure. See O'Brien v. Jackson, 167 N. Y. 33; Thomson v. Smith, 64 N. H. 412, 13 Atl. 639. Not only is there neither fraud nor insolvency here, but it appears on the face of the complaint that the administrator left property in this state, which can doubtless be reached by appropriate proceedings in the surrogate's court (Hendrickson v. Ladd, 2 Dem. Sur. 402), and that he also left prop-

erty in Mexico. The alleged impending agreement by which the representatives of the deceased administrator are about to assign their interest in the estate cannot affect the plaintiff's rights. Assuming, however, that the complaint is legally sufficient, it would seem that there is a defect of parties defendant. In O'Brien v. Jackson, supra, the court said:

"Charges against the trust estate in such cases [that is, where, although the executor or trustee made the contract, the estate may be sued] can be enforced only in an equitable action brought for the purpose. To that action the beneficiaries and cestuis que trustent, are necessary parties. The trust estate cannot be depleted or swept away, except in an action which they may defend."

It appears affirmatively on the face of the complaint that there are other heirs of the intestate besides the defendant, and, although the property of the intestate in this state is personal property, it is a reasonable inference that the pleader used the word "heirs" to denote persons in whom the title to said property vested. The fact that defendant, in specifying the ground of demurrer, names the heirs and next of kin, is not considered material. The demurrer on this ground is sufficiently specific, and it must be sustained.

Demurrer sustained, with costs.

---

(67 App. Div. 132.)

GLASER v. GLASER et al.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

DOWER—PROVISION IN WILL.

A testator gave to his widow, by the third paragraph of his will, one-third of the proceeds of the sale of certain real estate, and by the fourth paragraph gave the remaining two-thirds to his executors in trust to apply the income to the maintenance of his son until the latter became of age, and then to turn over the principal to him, and by the sixth paragraph gave the remainder of the estate to his said son. *Held*, that the widow was entitled to dower in the real estate mentioned in the fourth paragraph of the will, in addition to the one-third of the proceeds of the sale of such real estate.

Appeal from special term, New York county.

Action by Virginia Glaser against Henry C. Glaser and others. From a judgment in favor of plaintiff, with notice of an intention to bring up for review an order of the supreme court granting an extra allowance of costs, Henry C. Glaser and Bernard Glaser (by his guardian ad litem) appeal. Affirmed.

The following is the opinion of LAWRENCE, J., delivered at special term:

The facts in this case are not disputed. The plaintiff alleges in her complaint that she is the widow of Joseph Glaser, deceased, who died on or about the 29th of December, 1898, leaving a last will and testament, of which the defendant Henry C. Glaser is the executor, and that said testator was at the time of his death seised of certain property situated in Spring street, in the city of New York, which is in the complaint more particularly described; that the defendant Henry C. Glaser is the testamentary guardian of the defendant Bernard Glaser, an infant of the age of eighteen, appointed and acting as such in and by the aforesaid last will and testament