MARY A. CHISOLM, Respondent, *v.* HARRY L. TOPLITZ, Appellant.

*Election by an administrator to exercise the right of renewal given in a lease to his intestate — when an action for rent lies against him in his individual capacity.*

A decedent was in his lifetime the lessee of a lot of land and the owner of the building erected thereon. The lease was for a term of twenty-one years and provided for perpetual renewals at the option of the lessee at rentals to be estimated upon the value of the land as a vacant lot at the expiration of each term. No provision was made whereby compensation should be made to the lessee for the value of the building at the end of any term, in case he failed to exercise his option to take a renewal.

At the time when an administrator with the will annexed of the decedent was appointed, the original lease had over a year to run. At the expiration of th lease, the administrator with the will annexed elected to renew it and the renewal lease was executed to him " as administrator with the will annexed of the estate of Lippman Toplitz, deceased."

*Held,* that an action to recover rent due under the renewal lease was properly brought against the administrator with the will annexed in his individual capacity.

APPEAL by the defendant, Harry L. Toplitz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of June, 1902, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Richard L. Sweezy,* for the appellant.

*James W. Gerard,* for the respondent.

Judgment affirmed, with costs, on the opinion of the court below.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, INGRAHAM and HATCH, JJ.

The following is the opinion of SCOTT, J., delivered at the New York Trial Term:

SCOTT, J.:

The defendant is administrator with the will annexed of Lippman Toplitz, deceased, who was the lessee of a lot of land in the city of New York under a lease made in 1877 for a term of twenty-one

years, and which had over a year to run when the defendant was appointed administrator. The lease was of the land only, the building upon it belonging to the lessee. It provided for perpetual renewals, at the option of the lessee, at rentals estimated upon the value of the land as a vacant lot at the expiration of each term. No provision was made whereby compensation should be made to the lessee for the value of the building at the end of any term in case he should not exercise his option to take a renewal. The lease upon which this action for rent is brought was made to the defendant " as administrator with the will annexed of the estate of Lippman Toplitz, deceased." The question presented is whether this action can be maintained against the defendant individually or whether it should be brought against him as administrator. It is well settled in this State by a long line of decisions that as a general rule executors or trustees cannot by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator. (*O'Brien* v. *Jackson*, 167 N. Y. 31.) The reason for the rule demonstrates its applicability to the case at bar. While as between the executor and the person with whom he contracts the latter may rely upon the contract, the beneficiaries are not concluded by the executor's acts, but the propriety of the charge and the liability of the estate therefor must be determined in the accounting of the executor. In an action at law against the executor the legatees and persons interested in the estate have no opportunity to be heard. (*Ferrin* v. *Myrick*, 41 N. Y. 315; *O'Brien* v. *Jackson, supra.*) The defendant insists that this case falls within the exception to the general rule because the lease upon which suit is brought is founded upon a lease made by the testator in his lifetime. It is founded upon it, however, only in the sense that the fact that the testator had entered upon the prior lease afforded an opportunity to the defendant to make the present lease. It did not create any obligation so to do. If the option to renew had been vested in the lessor, and not in the lessee, so that the defendant in consequence of the testator's agreement had been obliged to accept a new lease, the case would have been brought within the exception. But it is said that the fact that, if the lease

had not been renewed, the testator's estate would have forfeited the building on the lot, justified and practically compelled the administrator, in the interest of the estate, to renew the lease. That is precisely the question that cannot be litigated in an action against the defendant as administrator. Whether it was a judicious act to renew the lease in order to save the building is a question in which the legatees or distributees of the estate are interested and upon which they are entitled to be heard. They could not be so heard if the landlord had sued the administrator, as such, in an action at law. In my opinion the action is properly brought against the defendant personally, and there must be judgment for the plaintiff.