LUIGIA CARIDEO, Respondent, v. CORNELIA J. AUSTIN and JOHN WEED, as Executors, etc., of DANIEL HORTON, Deceased, Appellants.

*Parties — breach by executors of a contract made by them for the sale of their testator's land — they are liable as executors for the purchase price paid by the vendee, but not for the expense of examining the title.*

Executors, acting under an express power contained in the will, entered, in their capacity as executors, into a contract to sell a lot, of which the testator had died seized. They were unable to convey a clear title to the lot and the vendee in the contract brought an action against them as executors to recover $400 which he had paid to the executors at or before the execution of the contract, and $50 for the expenses incurred by him in the examination of the title.

*Held,* that the estate must be deemed to have received the benefit of the $400 paid by the vendee upon the purchase price, and that, so far as this sum was concerned, the action was properly brought against the executors as such;

That the executors could not, however, be charged as such with the fifty dollars which the vendee had expended in the examination of the title.

APPEAL by the defendants, Cornelia J. Austin and another, as executors, etc., of Daniel Horton, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester in February, 1903, upon the decision of the court rendered after a trial at the Westchester Trial Term, a jury having been waived.

*Frederick William Sherman,* for the appellants.

*David Swits,* for the respondent.

WILLARD BARTLETT, J.:

The defendants are executors under a will which confers upon them express power to sell the testator's real property or any part thereof at public or private sale, and to make, execute and deliver a good and sufficient deed or conveyance of the same upon such terms as they shall deem most expedient and advantageous for the estate. Acting under this power they entered into a contract as executors with the plaintiff to sell him a certain lot which had belonged to the testator, in the city of Mount Vernon. The plaintiff agreed to pay $2,400 for the property, and did pay $400 of this amount to the agent of the defendants at or before the time of the execution of the contract. The property was to be conveyed subject only to the assessments and taxes which were liens thereon. When the time came for passing title it appeared that in addition to these liens there was an unsatisfied mortgage upon the premises for $550. As the defendants did not or could not produce any satisfaction piece showing the discharge of this mortgage, the plaintiff refused to take title and brought this suit to recover damages for the failure of the defendants to carry out their contract. The trial court awarded the plaintiff the sum of $450, of which $400 appears to have been on account of the amount paid toward the purchase price and $50 on account of expenses incurred in examining the title. The only point which requires discussion in the consideration of this appeal is the proposition that the defendants should have been sued individually and cannot be held liable in their capacity as executors.

In the case of *Ferrin* v. *Myrick* (41 N. Y. 315), Chief Judge HUNT declared it to be settled by the New York authorities up to that time that "in all causes of action, where the same arises upon a contract made after the death of the testator, the claim is against the executor, personally, not against the estate, and the judgment must be *de bonis propriis*." In *Matter of Van Slooten* v. *Dodge* (145 N. Y. 327) it is held that an executor "cannot subject the estate in his hands for administration to some new liability, either by his contract, or by his wrongful act." In *O'Brien* v. *Jackson* (167 N. Y. 31) the liability of executors upon contracts relating to the estate is fully considered in an opinion by Judge CULLEN, who declares the general rule to be well settled in this State "that executors or trustees cannot, by their executory contracts, although

made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator." If there is no exception to the rule thus stated, it is fatal to the recovery in this case. That at least one exception exists, however, is apparent from the decision of the Court of Appeals in *Wall* v. *Kellogg's Executors* (16 N. Y. 385). In that case the executors of Kellogg had wrongfully conveyed certain property to one Beach, and it was held that inasmuch as Kellogg's estate had received the benefit of the consideration money paid on the sale it was equitably chargeable with that amount. The distinction which takes that case out of the general rule is pointed out by Judge GRAY in *Matter of Van Slooten* v. *Dodge* (*supra*) and by Judge CULLEN in *O'Brien* v. *Jackson* (*supra*) on the ground that the funds which it was sought to recover from the executors were received by them in their executorial capacity.

It seems to me that it is equally true here that the sum of $400 paid to the agent of the defendants at or before the time of the execution of the contract must be deemed to have been received by them as executors, and that the estate which they represent having had the benefit of the payment should be held liable for it. The judgment to this extent, therefore, should be upheld. But I do not see how they can be charged as executors with the $50 which the plaintiff expended in the examination of the title. I think the judgment should be modified by deducting that amount, and as modified affirmed, without costs of this appeal to either party.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Judgment modified by deducting fifty dollars from the amount of the plaintiff's recovery, and as so modified affirmed, without costs of this appeal to either party.