(46 Misc. Rep. 185.)

## CAMPBELL v. BARBER et al.

(Supreme Court, Special Term, New York County. December, 1904.)

1. TRUSTS—ADMINISTRATION OF ESTATE—PROTECTION OF TRUSTEE'S RIGHTS—ACTION FOR ATTORNEY'S FEES.

One of the three testamentary trustees had differences with the others, who attempted to exclude her from any participation in the conduct of the trust. Thereupon plaintiff rendered legal services in protecting the rights of the excluded trustee. Thereafter the trustees, as such, being in joint control of the estate, and in joint possession of the rents and profits, and jointly discharging all charges against the estate, and paying to themselves individually, as sole beneficiaries, the net income, no judicial accountings being necessary, plaintiff sued the trustees to recover out of the income of the trust estate the value of the legal services rendered. *Held*, that the action was maintainable as brought, and it was not necessary for plaintiff to proceed against the trustee who employed him, and for her in turn to recoup herself by an action against herself and her co-trustees, as trustees, for an accounting.

2. ADEQUACY OF LEGAL REMEDIES.

Nor did plaintiff have an adequate remedy at law, such as to preclude him from maintaining the action as brought.

Action by Frederick B. Campbell against Samuel Barber and others individually and as executors of and trustees under the will of Samuel Barber, deceased. Judgment for plaintiff.

Frederick B. Campbell, in pro. per.

William N. Dykman (John J. Kuhn, of counsel), for defendants Barber and Le Lacheur.

GIEGERICH, J.   The action is brought to recover, out of the income of the trust estate held by the defendants, the value of legal services rendered by the plaintiff in the protection, as it is claimed, of the estate from improper and illegal action on the part of two of the defendant trustees.  The three defendants are coexecutors of and trustees under the will of their deceased father, and are likewise the sole beneficiaries of the trust interested in the income sought to be reached in this action for the payment of the services in question.   One of the trustees—Emily C. Campbell, the mother of the plaintiff—had differences with her sister and brother, her co-trustees, and an attempt was made by the latter to exclude her from any participation in the management and conduct of the trust affairs. It was to restore her to her rights as trustee, among other things, that the services in question were rendered.   There can be no question but that the services are amply worth the $500 sued for, nor can there be any serious doubt upon the evidence presented that the services were necessary to the proper and legal administration of the trust.   The only issue is whether the plaintiff can recover in the form of action here attempted, it being contended on behalf of the defendants Barber and Le Lacheur that the plaintiff's right, if any, is against the trustee who employed him, and that the estate can be charged only upon an accounting by such trustee, reliance for this proposition being placed upon O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238, and the cases there cited, where it was said, at page 33 of 167 N. Y., page 239 of 60 N. E.:

"While, as between the executor and the person with whom he contracts, the latter may rely on the contract, the beneficiaries are not concluded by the executor's act, but the propriety of the charge and the liability of the estate therefor must be determined in the accounting of the executor.  In an action at law against the executor the legatees and persons interested in the estate have no opportunity to be heard.  To the general rule there are exceptions, and an equitable action can be maintained against the estate on behalf of a creditor in case of the fraud or insolvency of the executor, or when he is authorized to make an expenditure for the protection of the trust estate and he has no trust fund for the purpose.  In the latter case, if unwilling to make himself personally liable, he may charge the trust estate in favor of any person who will make the expenditure.  Charges against the trust estate in such cases can be enforced only in an equitable action brought for the purpose.  To that action the beneficiaries and cestuis que trust are necessary parties.  The trust estate cannot be depleted or swept away except in an action which they may defend.  The defendants were personally liable on their contract with the plaintiff, but the action cannot be changed on this appeal into one against the defendants individually."

Recognizing fully the authority of the rule as above laid down, at the same time, in view of the limitations of the rule as there stated and the reason for its existence, I conclude, under the exceptional circumstances of the present case, the action is maintainable in the first instance and directly to charge the trust fund.   It is alleged in the complaint, and not denied, that "the defendants, as such trustees, are now in the joint control of said trust estate and

in the joint receipt and possession of the rents and profits thereof. As such trustees they jointly discharge all charges against the said estate and pay to themselves individually the net income thereof. No judicial accountings are necessary or have been had by the defendants during the times herein mentioned." Under such circumstances it would be illogical to the point of absurdity to require the plaintiff to bring his action against the trustee with whom he made the contract, and then to relegate that trustee for her own recoupment to an action against herself and her co-trustees as trustees and as individuals for the purpose of determining the accounts stretching over a period of many years, which accounting, it is obvious from the nature of the case and from the admissions in the pleadings, is altogether unnecessary.

It is also objected on behalf of the defendants Barber and Le Lacheur that, if the plaintiff's claim is maintainable at all, he has an adequate remedy at law; but it is not apparent how, in any action at law, the plaintiff could, in view of the equitable rule above referred to, accomplish all that is being accomplished in this action, which really embraces all that would regularly be effected by an action at law and an action in equity. The plaintiff should, therefore, have judgment for the amount demanded, and directing that the same be paid out of the income of the trust fund, together with costs.