---

BRACKETT v. FOULDS et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. ATTORNEY AND CLIENT—CONTRACT FOR SERVICES—RELEASE.

Where an attorney for executors in a will contest accepted the executors' note for $15,000, which they subsequently paid, and executed to them a release reciting that his services in the matter were rendered for the executors and that he would make no further personal claim against them for his services, making any further claim only against the estate, such release operated to discharge the executors from any further personal liability, and limited the attorney's right to recover further fees to his right of action against the estate.

2. EXECUTORS AND ADMINISTRATORS—ATTORNEYS' SERVICES—LIABILITY OF ESTATE.

Where an attorney employed by executors in a will contest executed a release to them, providing that he would make no further personal claim against them for his services, but that any further claim should be made against the estate, such provision could not be treated as surplusage, on the theory that the attorney, having been employed by the executors prior to the probate of the will, could have maintained no claim against the estate; the rule that executors are personally liable on their contracts, though made for the benefit of the estate, and that ordinarily such contracts are not enforceable directly against the estate, being neither absolute nor unqualified.

3 SAME—ACTION.

Where an attorney for executors, after executing a release to them reciting that he would make no further personal claim against them for his services, but that any further claim should be made against the estate, brought an ordinary common-law action against the executors to recover a money judgment for his services, such action was unsustainable on the theory that its object was merely to liquidate plaintiff's claim in order to finally reach the estate, such not being the purport of the complaint, and for the further reason that any judgment in favor of plaintiff rendered therein would not furnish a criterion as to the executors' right to reimbursement from the estate or through the exent of such right.

4. PLEADING—ANSWER—SEPARATE DEFENSES.

The sufficiency of separate defenses must be determined without reference to other portions of the answer to which they do not refer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 192.]

5. EXECUTORS AND ADMINISTRATORS—ACTION AGAINST EXECUTORS—PLEADING.

Plaintiff filed a complaint against defendants, the first cause of action alleging that between certain dates plaintiff rendered legal services to defendants as their attorney to the reasonable value of $35,000, and incurred expenses and disbursements amounting to $230.42 that two of the defendants gave plaintiff their note for $15,000 to apply on such services and disbursements, which note was thereafter paid, but that nothing further had been paid. Defendants' fourth defense referred to plaintiff's first cause of action, and alleged that, after such cause of action accrued and before the commencement of the suit, plaintiff, for a valuable consideration, executed and delivered to two of the defendants named an instrument in writing, a copy of which was annexed as an exhibit, which recited that plaintiff had received from the executors of F. a note of two of the defendants for $15,000; that plaintiff's services in the matter of the F. estate were rendered for the executors, and that plaintiff would make no further claim for services rendered in such estate against the executors personally. The sixth defense was the same as the fourth, except that it was interposed as a partial defense to the first cause of action. Held, that such defenses were demurrable; since, as it did not appear either from the portion of the complaint attacked nor from such defenses that defendants were the executors of the F. estate, or that the services sued for in the first cause of action were rendered in the matter of that estate, the relevancy of the exhibit to such cause of action was not shown.

Appeal from Special Term, Saratoga County.

Action by Edgar T. Brackett against Helen E. Foulds, impleaded with others. From an interlocutory judgment sustaining plaintiff's demurrer to certain defenses in defendant's amended answer, she appeals. Affirmed in part, and reversed in part.

The complaint for a first cause of action alleges that between February 15, 1906, and May 1, 1907, the plaintiff as an attorney and counselor at law rendered legal services for the defendants on their employment of the reasonable value of $35,000; that in rendering such services the plaintiff incurred expenses and disbursements amounting to $230.42; that on or about October 27, 1906, the defendants Ostrander and Foulds gave plaintiff their note for $15,000 to apply on said services and disbursements, which note was thereafter paid; and that nothing further has been paid.

The complaint for a second cause of action alleges that between February 15, 1906, and May 1, 1907, the plaintiff as an attorney and counselor at law rendered legal services for the defendants on their employment; that in rendering such services the plaintiff incurred expenses and disbursements amounting to $230.42; that on or about October 27, 1906, the defendants gave plaintiff a note of defendants Ostrander and Foulds for $15,000 on account of said services, which note was thereafter paid; that the plaintiff on or about June 11, 1907, rendered to the defendants a bill for the sum of $35,000 and the fur-

ther sum of $230.42 disbursements, and credited upon such bill the sum of $15,000 paid thereon; that defendants examined said bill, and made no objection thereto, whereby an account became stated and fixed between the parties for the sum of $20,230.42. A copy of said bill was annexed to the complaint and referred to as a part thereof in said second cause of action, from which bill it appears that such services were rendered in the matter of the probate of the last will and testament of George R. Finch, deceased. Said complaint contains a demand in the usual form for judgment against the defendants for $20,230.42.

The third defense in the answer of the appellant was interposed as a separate and partial defense to the second cause of action, and is as follows: "After the plaintiff was retained and employed by the defendants to render legal services and counsel for them, as averred in the alleged second cause of action, and before the commencement of this action, to wit, on or about October 27, 1906, the defendants delivered to the plaintiff, and the plaintiff accepted and received from them, the joint promissory note of the defendants, Helen E. Foulds and George N. Ostrander for $15,000, being the note referred to in article 5 of the alleged second cause of action, in full satisfaction and discharge of all claims of the plaintiff under the retainer and employment referred to in the alleged second cause of action for services rendered by the plaintiff to the defendants thereunder, prior to October 27, 1906. The said note was thereafter duly paid at maturity. At the time the said note was given the plaintiff agreed with the defendants, by an instrument in writing, executed at the time the said note was given, and in consideration therefor, that he would make no further claim against the defendants for the said services. A copy of the said written agreement is hereto annexed, marked 'Exhibit A.' All the services of the plaintiff subsequently rendered under the said retainer and employment were not reasonably worth more than the sum of $500."

The fourth defense was interposed as a defense to the first cause of action, and is as follows: "After the alleged first cause of action stated in the complaint accrued, and before the commencement of this action, the plaintiff, for a valuable consideration, executed and delivered to the defendants Ostrander and Foulds an instrument in writing, a copy of which is hereto annexed marked 'Exhibit A.'"

The fifth defense is the same as the fourth defense, except that it was interposed as a defense to the second cause of action.

The sixth defense is the same as the fourth defense, except that it was interposed as a partial defense to the first cause of action; and the seventh defense is the same as the fifth, except that it was interposed as a partial defense to the second cause of action.

"Exhibit A," above referred to, is as follows: "I have received from the executors of Geo. R. Finch, deceased, a note of George N. Ostrander, and Helen E. Foulds, for fifteen thousand dollars ($15,000), dated this day, payable three months after date, with interest. My services in matter of Finch estate were rendered for the executors. I will make no further personal claim against said executors, for said services, making any further claim only against the said estate, or said persons as executors. Edgar T. Brackett. October 27th, 1906."

The plaintiff demurred separately to each of the above mentioned defenses, on the ground that they were insufficient in law upon the face thereof. From an interlocutory judgment sustaining such demurrer to each defense the appellant appeals to this court.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

D. Cady Herrick and T. Almern Griffin, for appellant.
Edgar T. Brackett and Hiram C. Todd, for respondent.

COCHRANE, J. The question for determination is as to the meaning of said instrument "Exhibit A," and its effect on the complaint.

In construing this instrument, as in the construction of any written instrument, we must have due regard to the surrounding circumstances and the relation of the parties to each other and to the subject-matter of the contract, and the purpose and intent of the parties as far as discoverable. Only in that way can we accurately ascertain what was in the minds of the parties, and it is only by ascertaining their mental attitude and operations that we can construe their written agreement in accordance with their intent. Going back, then, to the circumstances under which this instrument was given so far as disclosed by the pleadings, we may fairly infer that the defendants were named as executors in the will of George R. Finch, deceased; that the estate of said deceased was of the value of about $1,000,000; that the defendants were involved in a litigation in an effort to effect the probate of said will; that the contest was severe and somewhat protracted; that it was removed from the Surrogate's Court to the Appellate Division; and that a retrial was directed. In this litigation, and under these circumstances, the legal services in question were rendered to the defendants, not for their individual or personal benefit except as they might be benefited by acting as executors, for it does not appear that they had any interest under said will other than as executors. For such services, however, they were primarily personally liable. If the litigation should prove unsuccessful, they would perhaps not be reimbursed for their expenditures, and, if successful, such expenditures would perhaps meet with opposition on their accounting before the surrogate when they should attempt to reimburse themselves. Hence it was entirely natural that they should be unwilling to incur a large personal liability in conducting said litigation. Plaintiff asserts the services were worth $35,000. But they were unliquidated, and at the time of the delivery of said instrument had not all been rendered, although it is stated in the third defense of the answer that the services rendered subsequently thereto were not reasonably worth more than $500. Under such circumstances, the defendants gave to the plaintiff their personal note, and took from him the instrument in question. They thereby as they supposed discharged their personal liability for $15,000. The plaintiff agreed to "make no further personal claim against" them. But, as stated by plaintiff, it was recognized by all that the services were or might be worth something in excess of $15,000. It was just and equitable that such excess should be paid by the estate. Hence it was agreed that the plaintiff should make such "further claim only against the said estate or said persons as executors." This arrangement was reasonable and proper for the protection of the defendants, and, from the point of view of the latter, it was fair and just to the beneficiaries of the estate who were receiving the benefit of the services. The instrument on its face clearly indicates that the defendants are not personally liable, but that plaintiff must pursue his remedy against the estate. Such intent is clearly and without ambiguity expressed in the writing, and is emphasized when considered in the light of the circumstances and conditions under which it was signed and delivered by plaintiff. No question as to its meaning could possibly arise, were it not for the embarrassment which usually attends an effort to enforce a claim like this directly against an estate.

It is also a fundamental rule of construction that an instrument should be so construed, if possible, as to make every clause and every word thereof operative. But, if this action may be maintained, the clause in the instrument that plaintiff would "make no further personal claim against said executors" must be disregarded as absolutely as though it had been omitted. The ingenuity of astute and resourceful counsel has been inadequate to make any suggestion as to the meaning or purpose of this clause if the instrument is to be so construed as to permit this action. That clause and the theory of this action are irretrievably at war with each other. Also the clause that plaintiff would make "any further claim only against the said estate" becomes nugatory and meaningless, except so far as it may indicate a recognition of the fact that the services were or might be worth more than the $15,000; but it is inconceivable that the primary or only purpose of such clause was to convey that idea. Other language would have been used had that been the only meaning intended.

We are not at liberty to overlook still another salutary rule—that as between an attorney and client, where there is a doubt or ambiguity in an instrument signed and delivered by the former to the latter, the benefit of such doubt or ambiguity is to be given to the latter. But the plaintiff urges that, although the instrument indicates the recognition by all concerned that the value of his services exceeded the amount paid, he is without remedy except in this action, and hence that the instrument should so be construed as to make the recognized right to further compensation effective; or, in other words, that it was not the intention that he should be barred from enforcing a recognized right. If it be true that the construction here given to the instrument would have the effect of depriving plaintiff of a right therein recognized, nevertheless I do not think, in view of the close scrutiny which the courts manifest in favor of a client in his relations to his attorney, that the courts would permit this action, choosing rather that the attorney should lose his claim than that any meaning should be attributed to the instrument other than such as the client must naturally and necessarily have understood it to mean when delivered to him by his attorney. But is the plaintiff without a remedy? The suggestion that he is remediless is based on the rule that executors are personally liable for their contracts, although made for the benefit of the estate which they represent, and that ordinarily such contracts may not be enforced directly against the estate. That general rule is firmly established, but it is not an absolute or an unqualified rule. It has been held that where services are rendered to an executor or administrator under an express agreement on the part of the creditor to confine his claim for compensation to the estate itself, or to the executor or administrator in his representative capacity, such creditor will be confined to the remedies existing for the enforcement of the agreement as it has been made by him, but there must be a special agreement to that effect, and the fact that the contract is made in form by the personal representative in his representative capacity is insufficient to charge the estate. Foland v. Dayton, 40 Hun, 563; Martin v. Platt, 51 Hun, 429, 4 N. Y. Supp. 359; Noyes v. Turnbull, 54 Hun, 26, 30, 7 N. Y. Supp. 114; Rogers v. Wendell, 54 Hun,

540, 547, 7 N. Y. Supp. 781, 8 N. Y. Supp. 515; 11 American & English Encyclopedia of Law (2d Ed.) p. 934.

In O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238, it was said:

"To the general rule there are exceptions, and an equitable action can be maintained against the estate on behalf of a creditor in case of the fraud or insolvency of the executor, or when he is authorized to make an expenditure for the protection of the trust estate, and he has no trust fund for the purpose. In the latter case, if unwilling to make himself personally liable, he may charge the trust estate in favor of any person who will make the expenditure. Charges against the trust estate in such cases can be enforced only in an equitable action brought for the purpose. To that action the beneficiaries and cestuis que trust are necessary parties. * * * The trustees were therefore empowered by the will to make the improvement out of which this action grows. Probably, the repairs being necessary, they would have the same power without express direction in the will. * * * In Noyes v. Blakeman, 6 N. Y. 567, the trustee was without funds, and, the expenditure being necessary to protect the estate, it was held that he might charge the credit of the estate."

See, also, Noyes v. Blakeman, supra, and Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493.

The deceased did not, of course, in his will expressly authorize the defendants to charge these services upon his estate, but it cannot be gainsaid that he intended that his will should be admitted to probate, and that the persons therein named as executors should take whatever steps might be necessary to accomplish such a result. In Douglas v. Yost, 64 Hun, 162, 18 N. Y. Supp. 155, it was said:

"A testator in naming an executor gives him an implied authority and direction to do all he reasonably can to prove and carry out the will, and this carries with it the right to charge the estate with the reasonable expense."

Pending the contest over the probate of the will, the defendants were, of course, without funds of the estate to make compensation for such services. It would be unwise to decide in this action, and we do not decide, that plaintiff, in fact, has a remedy directly against the estate. It answers our purpose now to indicate the possibility thereof as demonstrating that plaintiff reserved to himself such possibility by the clause that he would make his further claim if any only against the estate, and as further demonstrating that such clause is not nugatory and mere surplusage, but that it has a living and potential meaning consonant with the actual purpose of the parties and the equities of the existing circumstances. It is of weighty consideration that this view of the case harmonizes every part of the instrument, and renders every clause and every expression thereof, not only consistent, but also operative, while the rival construction contended for by plaintiff at once raises an inconsistency, and makes the instrument partly ineffective and introduces therein a subtle, obscure, and disingenuous meaning not obvious or apparent to the ordinary client, which effect plaintiff of course does not desire. I conclude, therefore, that this instrument should have its natural and obvious meaning in literal compliance with its phraseology, which is the only meaning that the appellant would ordinarily infer therefrom, and which reserves to the plaintiff the right if one exists to prosecute any reasonable and equi-

table claim against the parties who have had the benefit of his services and who should compensate him therefor.

It has been suggested that this action may be maintained for the purpose of effecting a liquidation of plaintiff's claim, and as the first step in a somewhat circuitous and indirect route of finally reaching the estate. To this there are two answers: First. The complaint does not purport to have any such object, but the action is the ordinary common-law action to recover a money judgment against the defendants, which judgment will be collectible de bonis propriis and not de bonis testatoris. Second. Such judgment, although it may be fair and just as between these parties, will not be a criterion as to the defendant's right to reimbursement from the estate or measure the extent of that right. In O'Brien v. Jackson, supra, it was said:

"While, as between the executor and the person with whom he contracts, the latter may rely on the contract, the beneficiaries are not concluded by the executor's act, but the propriety of the charge and the liability of the estate therefor must be determined in the accounting of the executor."

And in Ferrin v. Myrick, 41 N. Y. 315, it was said of a contract between a seller and the administrator:

"Whether the particular article is suitable and reasonable or otherwise is a question which the seller is not called upon to decide. That question is not left to his decision. It belongs to the administrator. He decides it at his peril, to be allowed or disallowed in the final settlement of his accounts with the surrogate. * * * It is therefore most reasonable and proper that the administrator should be liable himself to the seller, although the estate may not ultimately be liable to him, or to any one else, for the article furnished."

What has been said applies to the defenses to the second cause of action, and in my opinion establishes their sufficiency. The fourth and sixth defenses being defenses to the first cause of action are incomplete and barren of necessary allegations. They do not refer to any other portions of the answer, and their sufficiency must be determined without reference thereto. So considered, it does not appear therefrom, nor from that portion of the complaint which they attack, that the defendants were the executors of the Finch will, or that the services in question were even rendered in the matter of the Finch estate. Exhibit A has no application to this first cause of action. There are no allegations either in said cause of action or in these defenses which show the relevancy or pertinency of said exhibit. As to these two defenses, therefore, the demurrer was properly sustained.

The interlocutory judgment should therefore be affirmed, so far as it sustains the demurrer to the fourth and sixth defenses of the answer, and in other respects reversed and the demurrer should be overruled as to the third, fifth, and seventh defenses of the answer, without costs in this court or in the court below, and with leave to both parties to amend their pleadings. All concur.

JOHN M. KELLOGG, J. (concurring). Before Exhibit A was executed, the defendants were primarily liable for plaintiff's services rendered and to be rendered. The will not being fully established, and presumably no funds of the estate in the hands of the executors, they had the right to agree with the plaintiff that he should not hold them

responsible for the value of his services, but that the estate should be chargeable therewith. O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238; Douglass v. Yost, 64 Hun, 155, 162, 18 N. Y. Supp. 830. Exhibit A absolved the defendants from any further personal liability, and charged the funds of the estate with the payment of any balance due or to become due the plaintiff. The executors cannot agree that the estate shall pay and thus free themselves, and then, as representatives of the estate, wrongfully refuse payment on the part of the estate, and thus absolve it. If the defendants have wrongfully refused to pay the amount justly due the plaintiff, and his sole remedy is an action against the defendants, he may maintain an action against them for the purpose of reaching the estate; and after action brought, if the defendants fear that that judgment may not fully protect them or the estate, they may cause to be brought in the persons beneficially interested in the estate. When the executors agree that services rendered the estate shall be solely chargeable to the estate, they impliedly consent that such liability may be enforced, and they cannot object if the plaintiff seeks the only remedy which is permitted to him. But this is not such a case, for the plaintiff has an adequate remedy to enforce his claim against the estate. Wherever a wrong exists, a court of equity has ample jurisdiction to redress the wrong; and, while these executors had no power to finally fix the amount which the parties beneficially interested in the estate must ultimately pay for the plaintiff's services, that does not permit the estate to receive the services without compensation. An action in equity may be maintained against the executors and the persons beneficially interested in the estate to liquidate the plaintiff's claim, and to enforce it against the property of the estate. This is an action at law against the defendant personally, to which Exhibit A is a complete defense. It is not necessary that the action be brought against the defendants personally, for the reason that the plaintiff has an adequate remedy against the estate and those interested in it to charge upon it the amount his due.