(74 Misc. Rep. 540.)

### BEEKMAN v. BEEKMAN et al.

(Supreme Court, Special Term, New York County. December, 1911.)

TRUSTS (§ 305*)—ACCOUNTING BY TRUSTEE—COMPENSATION OF ATTORNEY—
PARTIES.

    Where a trustee, in an action to settle his accounts, has employed an attorney, who rendered services for the benefit of the estate, but is not satisfied with the compensation the trustee is willing to pay him, he may be joined as a defendant to determine his compensation.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 421–426; Dec. Dig. § 305.*]

Bill by Gerard Beekman against Cornelia A. Beekman and others for an accounting. Interlocutory judgment ordered, directing an accounting.

Judgment affirmed, 134 N. Y. Supp. 1126.

A. O. Townsend, for plaintiff.

Stewart & Stewart, for defendants.

GUY, J. This is an action for an accounting of a trust. One of the defendants, a former attorney for the trustee, moves to dismiss on the pleadings, on the ground that the complaint does not state a cause of action as to said defendant. The complaint, in addition to the usual allegations in trust accountings, alleges that the trustee, after the death of his cotrustee in 1908, employed the defendant attorney to prepare and conduct a judicial settlement of his accounts as trustee; that the services so rendered by him were in behalf of and for the benefit of the trust estate; that the trustee was and is ready and willing to pay him just compensation therefor; that the cestuis que trustent make no objections to payment out of the trust estate; that he has refused to accept what the trustee and the cestuis que trustent believe to be just compensation for his services to the trust estate, and has presented an excessive and unreasonable bill therefor; that after first agreeing to arbitrate or refer his claim, and proposing several referees or arbitrators, any of whom would have been acceptable to the plaintiff, defendant withdrew from the proposed arbitration or reference and commenced an action against the trustee personally as sole defendant; that said suit is the only unsettled or disputed claim against the estate; that its pendency prevents a settlement of the estate, because its determination will not bind the cestuis que trustent as to the amount that should be paid the attorney, and that question may have to be again litigated in an accounting after the termination of that action. Plaintiff asks judgment, among other things, that the claim of the attorney be determined upon the accounting. The defendants, other than such attorney, ask judgment that his claim be determined on the accounting. Defendant attorney alleges that for his services in connection with the judicial settlement of the plaintiff's account as trustee he has rendered the plaintiff individually a bill for $10,007.44. He also alleges that there was an offer of arbitration, from which he withdrew for reasons not now material, whereupon he brought an action against the trustee personally for the amount of his bill.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The fact that a bill or claim is allowed in an action against a trustee individually (O'Brien v. Jackson, 167 N. Y. 31, 33, 60 N. E. 238) does not prevent his account being surcharged with all or part thereof on an accounting.  A determination against an executor alone may be re-examined and revised in an accounting.  Matter of Watson, 115 App. Div. 310, 100 N. Y. Supp. 993, affirmed 187 N. Y. 541, 80 N. E. 1122; Code Civ. Pro. § 2472a; O'Brien v. Jackson, 167 N. Y. 33, 60 N. E. 238.  The value of counsel's services to a trust estate may be determined in an action for accounting in advance of their payment. Douglas v. Yost, 64 Hun, 155, 161, 162, 18 N. Y. Supp. 830; Attorney General v. North Am. Life Ins. Co., 91 N. Y. 61, 43 Am. Rep. 648. The cases holding that an estate has the privilege of compelling persons making contracts for services with the executor to sue him at law thereon are inapplicable.  They are merely a rule of procedure, applicable only to all actions at law to enforce executory contracts made by the executor.  In equity trustees may sue, as well as be sued, on contracts made by them for the estate's benefit.  Brackett v. Ostrander, 126 App. Div. 529, 535, 536, 110 N. Y. Supp. 779.  Every cestui que trust appears herein, being of full age, and joins with the trustee in asking the court to dispose of this controversy at this time, so that a final accounting may be had.  The defendant attorney does not represent and cannot act for the cestuis que trustent.  Any right of the beneficiaries of the trust to object to the form of action has been waived by them.  Even though the trustee is not made a party individually, as the estate is the real party in interest, the defendant attorney can have but one satisfaction.  Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771.

The motion to dismiss is denied, and an interlocutory judgment ordered directing an accounting, and, pursuant to stipulation made upon the trial, the issues herein will be referred to Hon. Henry A. Gildersleeve, without prejudice to the right of any party hereto to appeal from the interlocutory judgment.

Ordered accordingly.