In the Matter of the Estate of LOUIS F. MUSIL, Deceased.

Surrogate's Court, Westchester County, July 25, 1938.

*Frederick Malcolm Wolf*, for Fred MacDonald, claimant.

*Edwin L. LaCrosse*, for the executor.

*Miller, Owen, Otis & Bailly* [*William FitzGibbon* of counsel], for Vanwy P. Musil.

*Daniel W. Patterson*, special guardian.

MILLARD, S. On or about July 1, 1937, petitioner brought a proceeding, pursuant to section 217 of the Surrogate's Court Act, to compel payment of his claim for services alleged to have been rendered by him to this estate as a tax expert and accountant in connection with the preparation of certain Federal and estate tax returns.

It is claimant's contention that he was hired by the executor to perform certain services and was to receive therefor the sum of $7,500, of which he has received to date the sum of $1,900. The executor admits the hiring, but denies that any stipulated compensation was fixed for petitioner's services.

The claim was tried before my predecessor, and an order made on December 27, 1937, fixing the amount of petitioner's compensation and directing its payment. Upon appeal, the Appellate Division reversed said order and remitted the matter to me for re-examination as to the necessity of the employment of the petitioner in this case and the value of the services rendered by him, as well as to the allowance to the special guardian. (254 App. Div. 765.)

This application presents an anomalous situation wherein this petitioner seeks to justify his claim as an administration expense, while the executor, although admitting that some services were performed at his request, now resists payment thereof. In this he is joined by the widow of the decedent.

The record is barren of any evidence from which it would appear that there was any necessity for the employment of an accountant or tax expert in the administration of this estate. Practically all of the services testified to were clerical in nature which could have been performed by the attorney for the estate, who is also the executor. Although the executor had the right to delegate his duties to a subordinate, the compensation to be paid therefor was his personal obligation.

I hold, under the circumstances, that the compensation to be paid this petitioner is not a proper administration expense. Although he may have recourse against the executor individually by reason of this contract of hiring, the assets of this estate are not

available to him for the payment of his claim. The executor was without authority to bind the estate by his contract, even though the estate may have received some benefit from petitioner's services. (*O'Brien* v. *Jackson*, 167 N. Y. 31, 33; *Schmittler* v. *Simon*, 101 id. 554.)

The motion to dismiss the claim of the petitioner herein is, therefore, granted.

The fee of the special guardian, for all services rendered herein is fixed at the sum of $500.

Settle order.