In the Matter of the Application of SALLY KAISER, as Ancillary Executrix, for an Order Enjoining CHARLES KAISER and CHARLOTTE SPRAYREGEN, as Ancillary Executors of the Estate of EMANUEL W. KAISER, Deceased, from Assisting in or Paying Any Debts of the Estate from Any Bank Account Other than the Estate Bank Account and Further Enjoining Them from Interfering with the Prosecution of the Estate's Accounting Action in the Supreme Court of the State of New York.

CHARLES KAISER and CHARLOTTE SPRAYREGEN, as Ancillary Executors, etc., Appellants; SALLY KAISER, Petitioner, Respondent.

First Department, December 2, 1938.

*A. Lewis Spitzer* of counsel [*Eugene Tuck* and *Vincent D. Damiani* with him on the brief; *A. Lewis Spitzer*, attorney], for the appellants.

*Sidney I. Prager* of counsel [*Maer I. Levey* with him on the brief; *Sidney I. Prager*, attorney], for the respondent.

DORE, J. The decedent, Emanuel W. Kaiser, died a resident of New Jersey on January 4, 1930, and appointed as his executors his widow, Sally Kaiser, the petitioner herein, and his children, Charlotte Sprayregen and Charles Kaiser, stepchildren of the petitioner. All three qualified as executors of the estate in the Orphan's Court at Freehold, N. J., in which the will was admitted to probate on January 20, 1930, and were appointed and qualified on September 4, 1930, as ancillary executors of the estate in the Surrogate's Court of New York county. The order appealed from was granted on the petition of Sally Kaiser over the objection of the other two ancillary executors.

In 1935 Sally Kaiser, as plaintiff, acting in her representative capacity as coancillary executrix, commenced an action in the Supreme Court, New York county, for an accounting by the partnership of which the decedent was a member in respect to decedent's interest in the partnership at his death. An interlocutory decree directing such accounting was unanimously affirmed by this court on December 17, 1937 (*Kaiser* v. *Kaiser*, 252 App. Div. 624). A referee was appointed to take and state the account and in the initial stages of what may probably be a lengthy reference, stenographic fees were incurred. At the first hearing before the referee, the attorney for Sally Kaiser, as coancillary executrix, stipulated to pay one-half of the stenographic fees, the same to be taxable disbursements. Such agreement bound her individually but not the estate. (*O'Brien* v. *Jackson*, 167 N. Y. 31; *Bottome* v. *Neeley*, 124 App. Div. 600 [1st Dept.]; affd. on opinion of HOUGHTON, J., 194 N. Y. 575.) The two objecting ancillary executors who resist payment from estate funds of the stenographic fees in the Supreme Court action are the sole residuary legatees under the will, the petitioner, the widow, being entitled only to one-third of the income for her life.

Appellants contend that the Supreme Court action will not only be of no benefit to the estate but detrimental to its interests, though if it was successful they would receive the additional principal assets recovered for the estate. They also point out that the widow, after securing the interlocutory judgment for an accounting as ancillary executrix, has commenced another action in the Supreme Court in her own name individually, and from facts disclosed on a motion made by her in that action for a discovery

and inspection, they contend that the action is for personal claims by the widow against estate assets and that she is using the accounting suit in her capacity as coancillary executrix to procure information for the prosecution of her own personal claim in the subsequent action. They also urge that, until final judgment in the Supreme Court accounting, it cannot be determined that the estate will receive from the partnership any additional assets, and it may well be that the suit will involve large expense without any benefit whatever to the estate, and such expense will be paid out of their residuary interest.

It is unnecessary on this appeal to determine whether the surrogate. had power on the application of one ancillary executor to compel the other two to pay stenographic fees in a suit pending in the Supreme Court. No bill of the stenographer was furnished nor any affidavit showing that the amounts charged to date were proper charges; and the amount of future charges as well as the outcome of the litigation at this time are unknown. Proper procedure in our opinion would be to await the outcome of the estate accounting in the Supreme Court, especially as the record before the surrogate did not sufficiently show that the expense was a necessary and proper administration expense. If the estate accounting action proves successful, reimbursements for expenditures necessarily made and established by proper proof could be claimed on the accounting before the surrogate to the extent to which reimbursement had not been made by the defendants in that action for taxable disbursements, and on establishing such facts the necessary and reasonable expenditures could then be approved and allowed.

Upon the facts disclosed in this record, we hold the surrogate improperly directed the executors to pay the stenographic fees from estate funds during the pendency of the reference in the Supreme Court action and that the propriety of these charges as necessary expenses of administration must await determination upon proper proof on the accounting in the ancillary proceedings which cannot be disposed of until the Supreme Court action is terminated.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.