Harry G. Herman, S.
In this executor’s accounting, objections have been filed on behalf of the income beneficiaries and one of the remaindermen of a trust of the residuary estate. The special guardian has in effect joined in these objections in behalf of his wards who are remaindermen of such trust.
The executor-attorney has agreed that objections numbered 1, 2 and 3 should be sustained. These objections relate to three savings accounts, a series E bond and the proceeds of a life insurance policy payable to a designated beneficiary. These items are not estate assets and they therefore should not have been included in the account.
Objection numbered 4 is directed to a payment of $750 for services rendered by an accountant, and objection numbered 5 relates to the amount of the fee paid by the attorney-executor for legal services. Objections numbered 6 and 7 relate to commissions — objection numbered 6 to the computation of commissions on property which was not properly included in the gross estate and objection numbered 7 to the computation of commissions at the rate of 4% when they should have been computed at the rate of 2x/%°/o. The objections relating to the computation of commissions are obviously sound and should be sustained.
The court determines that the executor has failed to establish the necessity of employing an accountant and the payment made for such purpose was therefore improper. (Matter of Musil, 168 Misc. 529, affd. 254 App. Div. 765; see, also, Matter of Shevitz, 157 N. Y. S. 2d 282 and the cases cited therein.) The affidavit of services submitted by the accountant discloses no service which could not have been performed by the executor-attorney. It was wholly unnecessary to retain an accountant to check bank accounts, review dividend dates or establish and maintain simple records. Moreover, the administration of the estate presented no difficult or complicated problems as it consisted primarily of listed securities, bonds and cash. Objection numbered 4 accordingly is sustained and the fee of $750 paid to the accountant is disallowed. Interest will be allowed on this amount at the rate of 4% per year from the date of payment.
As to objection numbered 5 relative to the legal fee paid, no unusual or extraordinary legal services were rendered and no unusual or difficult legal problems were presented. Considering the relevant factors enumerated in Matter of Potts (213 App. Div. 59, affd. 241 N. Y. 593) the amount of $8,500 will be fixed as the fair and reasonable value of legal services in addition to out-of-pocket disbursements, and objection numbered 5 will be *645 sustained to the extent of the'excess payment with interest at 4% per annum.
In the computation of commissions, no paying commission shall be computed on amounts which have been held to be improper payments (see Matter of Hildreth, 274 App. Div. 611, motion for reargument denied 275 App. Div. 718).