(71 Misc. Rep. 378.)

## In re SPERB'S WILL.

(Surrogate's Court, New York County.   March, 1911.)

WILLS (§ 322*)—PROBATE—CONTEST—PROCEDURE.

 In proceedings for the probate of a will in the Surrogate's Court in New York, where there is a contest, the practice is to confine the proponent's evidence in the first instance to the fact of the execution of a will, then to permit the contestants to offer proof in support of their objections, and then to allow introduction of such proof as proponents may offer in its support.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 762–765; Dec. Dig. § 322.*]

Proceedings for the probate of the will of William Sperb.   Probate granted.

Charles R. Bauerdorf (Robert E. Deyo, of counsel), for proponent.

Richmond Weed, for Richard M. Henry, special guardian of Anna C. Sperb, contestant.

John H. Emmerich, for Evangelical Lutheran Church of the Advent.

Moses Weill, for Edward Sperb.

FOWLER, S.   When the proceeding to probate the paper writing propounded in this matter came regularly on to be heard, the proponents offered the usual evidence to establish the factum of a will. The testimony of the subscribing witnesses was sufficient for this purpose, and there was besides proof of a certificate of attestation written on and annexed to the paper propounded, and also there was uncontradicted evidence of the presence of a lawyer who superintended the formal execution of such paper as an intended will.   The latter facts are always significant, and, in adjudged cases of binding authority, have been held to raise a presumption of regularity in the execution of a testamentary instrument.

In the course of this probate proceeding, formal objections by those having a locus standi to object were duly filed, and counsel for the objectors cross-examined at length the attesting witnesses, when the proponents then rested.   Contestants offered no affirmative proofs in support of their objections, but moved that probate be denied to the paper propounded, and then they, too, rested.

The motion of contestants to reject probate is not on its face addressed to any defect in the proponent's proofs adduced to establish the factum of a will, but it rests on the alleged unnatural character of the provisions contained in the paper propounded by reason, inter alia, of their failure to mention one now claiming as the granddaughter of William Sperb, deceased.

It is the established practice in the Surrogate's Court for this county to confine the proponents' evidence in a contested proceeding of this character, in the first instance, to the facts deemed evidential of factum of a will.   The contestants are then permitted to offer their proofs, based on their objections; and next the proponents proceed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with such testimony as is deemed pertinent to support the paper propounded by them as a will. Any other course than that indicated leads to confusion, and is not regarded, in this jurisdiction, as productive of good results to orderly procedure.

Where the objections filed present issues of mental competency, or of undue influence exercised upon the person whose testamentary intentions are sub judice, the proofs naturally extend over a wide range, and the surrogate is constrained to be liberal in the admission of testimony bearing on such issues. Matter of Woodward, 167 N. Y. 31, 60 N. E. 233. That the surrogate may, at some stage of the contested probate and under some conditions, look into the contents of the paper propounded, is apparent from authorities, the due limitations and precise applications of which it is not necessary at this time to consider at large. Whether the surrogate may have regard to the nature of the internal provisions of a paper propounded as a will, where the contestants present no proofs concerning the condition of the estate passing under it or purporting to pass under it, and no proofs of the situation of the family of the maker of the testamentary paper, is perhaps not so clear as contestants assume.

But, passing this point with this mere observation, the contestants assert that the burden of proof is always on the proponents. They seem to me to have confounded the "burden of proof" with the "burden of evidence." The distinction between the rules relating to either of these burdens is clearly laid down by late writers of authority on the law of evidence. In this proceeding, when the proponents had rested, the burden of taking up the proofs, or, in other words, the "burden of evidence," was on the contestants; and this burden they would now have me shift in this proceeding to the proponents. This I cannot do.

In a late case, presenting not remote analogies to the one before me, although not cited to me on the hearing, the Appellate Division, which, in our present system of probate jurisdictions, responds in some degree to the former ordinary in the old system of probates, said:

"The contestants offered no evidence, but relied upon the fact of the fiduciary relations existing between the executors and the testatrix to raise a presumption of fraud and undue influence. * * *"

They negative the validity of this assumption, and they proceed to quote with approval the decisions in Matter of Smith, 95 N. Y. 516, and Loder v. Whelpley, 111 N. Y. 239, 18 N. E. 874, to the effect that:

"Undue influence when relied on to defeat a testamentary disposition, must be proved and not merely assumed to exist." Matter of McCarty, 141 App. Div. 816, 126 N. Y. Supp. 699.

Such, I think, is undoubtedly the rule which binds me. Testamentation is one of the most solemn in all the categories of legalized acts. In a proceeding of this character it cannot be defeated by mere inference or conjecture, when the factum of will is once adequately established by proponents.

My decision, therefore, is that the paper writing propounded as the last will and testament of William Sperb, deceased, is entitled to probate as and for the last will and testament of him, the said William Sperb, deceased, and that a decree to this end, admitting such paper to probate as a will of both real and personal property, should be entered in due form of law. Let such decision and decree be submitted to me for my signature.

Decreed accordingly.