question, as it appears that the witness was not employed by the de-cedent at the time the entries were made, and there is no evidence whatever that the decedent authorized or instructed him to make the entries. The decedent made a will by which he divided all his prop-erty among his four children. This will was duly probated. The appraiser in his report distributed the entire estate of decedent, including the bonds in question, among decedent's children in accordance with the provisions of the will. This method of distribution is also in accordance with the understanding of the executors as to the proportion in which the decedent intended by the alleged gift to divide the bonds in question among his children. It is therefore unnecessary in this proceeding to determine whether the decedent constituted his son, Joseph Loewi, a trustee of the bonds which were in the safe deposit vault, to pay the income to him during his life and upon his death to distribute the corpus among his children, as whether the prop-erty passed to the beneficiaries by virtue of such a gift intended to take effect at or after decedent's death, or whether it passed by virtue of decedent's will, so long as the property did not pass as a valid gift inter vivos, its transfer is taxable at its full value at the date of dece-dent's death (Matter of Cornell, 170 N. Y. 423, 63 N. E. 445; Matter of Green, 153 N. Y. 223, 47 N. E. 292), and at the rate prescribed by the statute in existence at the date of decedent's death (Matter of Davis, 149 N. Y. 539, 44 N. E. 185). The order fixing tax will be affirmed.

Order affirmed.

---

(75 Misc. Rep. 35.)

### In re McCABE'S WILL.

(Surrogate's Court, New York County. December, 1911.)

1. WILLS (§ 52*)—VALIDITY—OMISSION OF GRANDCHILD.
    The omission of a grandchild from a will is not in itself sufficient to cast in the first instance an additional burden on the proponents of the will.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 101–110; Dec. Dig. § 52.*]

2. WILLS (§ 303*)—EXECUTION—EVIDENCE.
    Where two of three witnesses to a will testify that the execution conformed with all the requirements of the statute, the fact that the third witness has forgotten nearly all the essentials of a due execution raises no presumption against the sufficiency thereof.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 711–723; Dec. Dig. § 303.*]

3. WILLS (§ 47*)—VALIDITY—COMPETENCY OF TESTATRIX.
    The fact that testatrix was aged and deaf and blind did not render her incapable of making a will.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 94; Dec. Dig. § 47.*]

In the matter of the probate of the will of Bridget McCabe. Probate decreed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James S. McDonogh, for proponent.
A. Welles Stump, special guardian.
Mathew J. Wheelehan and H. L. Franklin, for contestant.

FOWLER, S. The grandson of the testatrix, omitted from the paper writing offered for probate as the last will of his grandmother, contests such probate on the usual grounds. The will in question is in favor of an adult son and daughter of testatrix, but charged with their support of an incompetent son of the testatrix. The estate is not large.

The allegation of undue influence has not been sustained. It is not sufficient to rely on the relations of testatrix to the beneficiaries of the will. Undue influence cannot be assumed to exist by reason of mere opportunity to exert the same, but such influence must be established affirmatively. Matter of McCarty, 141 App. Div. 816, 126 N. Y. Supp. 699, followed in Matter of Sperb, 71 Misc. Rep. 378, 130 N. Y. Supp. 122; Matter of Gihon, 44 App. Div. 621, 622, 60 N. Y. Supp. 65; Cudney v. Cudney, 68 N. Y. 148.

[1] The omission of a grandchild from a will is not in itself sufficient to cast, in the first instance, an additional burden on proponents of the will. The testatrix had the right and power to disinherit her children or grandchildren, and she might dispose of her property as she saw fit, if capacity to make a will existed. Norton v. Norton, 2 Redf. Sur. 6; Mairs v. Freeman, 3 Redf. Sur. 181; La Bau v. Vanderbilt, 3 Redf. Sur. 399; Matter of Cornell, 43 App. Div. 241, 60 N. Y. Supp. 53; Horn v. Pullman, 72 N. Y. 269, 276, 277. These established rules dispose of the objection interposed and charging undue influence, as there was no direct evidence in any way sufficient to sustain such charge.

[3] The fact that testatrix was aged and deaf (which is disputed), and was also blind, did not render her incapable of making her will. Horn v. Pullman, 72 N. Y. 276. A blind person may make a will. Such a condition as that of testatrix merely casts upon the proponents the burden of proving, with greater particularity, that the paper propounded was the conscious act of a free and capable testatrix, and that no imposition was practiced on her. It seems to me that the proponents have discharged this burden resting upon them sufficiently in this cause. That the provisions of the will were dictated by testatrix herself, and that the will was read over to her before execution, is established, and it is not contradicted. There is an absence of proof of weakness of mind. The will is sufficiently rational on its face to furnish no inherent evidence of a disordered intellect.

[2] The only remaining question then is as to the sufficiency of the execution. The statute of wills provides for a greater number of attesting witnesses than two, and no presumption against this will is offered by the fact that there were three attesting witnesses to its execution. It is true that one of the witnesses had forgotten nearly all the essentials to due execution. The presumption is not against the sufficiency of execution because of such forgetfulness. The testimony of the other two was, in any event, precise and sufficient to

prove that the execution of the paper propounded conformed with all the requirements of the statute of wills. The testatrix subscribed the will by her mark at the foot of the will. Such subscription was the testatrix's own; but even if her name, written around the mark, is to be taken as a subscription, the person who wrote it complied with the law. Decedent Estate Law (Consol. Laws 1909, c. 13) § 22. The contestants have failed to establish any ground which invalidated the execution, and I must pronounce for the will. Let the findings and decree to that effect, admitting the paper propounded to probate as the last will of real property of Bridget McCabe, deceased, be presented to me for my signature. The question of costs will be reserved for settlement of such decree.

Decreed accordingly.

(75 Misc. Rep. 55.)

### In re RALEIGH'S ESTATE.

(Surrogate's Court, Rensselaer County. December, 1911.)

GIFTS (§ 29*)—GIFT OF CORPORATE STOCK—VALIDITY.

A donee of corporate stock can prove a gift only where the donor affixed the proper stamps to the certificate, under Tax Law (Consol. Laws 1909, c. 60) §§ 270, 278, at the time of the gift and the delivery thereof.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 50; Dec. Dig. § 29.*]

In the matter of the estate of Richard D. Raleigh. Proceedings to discover assets. Decree for administrator.

Edmund J. Sweeney, for petitioner.
Thomas F. Powers, for respondent.

HEATON, S. This is a discovery proceeding, brought under sections 2707–2710, Code of Civil Procedure, and the parties have consented that the surrogate may decide the issue as to the ownership of the property in dispute.

Richard D. Raleigh, a day or two previous to his death, when stricken with a fatal illness, made a gift to his sister of certain bank books and shares of corporate stock. He died, leaving a widow, with whom he had never lived; and she, as his duly appointed administratrix, brought this proceeding to recover said property as assets of his estate. Evidence was given showing a valid gift of the bank books and the shares of stock, and a decree was about to be made adjudging the sister, and not the administratrix, to be the owner of the property, when the attorney for the sister asked leave to put in evidence, for the purpose of identification and description, the bank books and the certificates of stock. The books were duly received; but, when the certificates were produced, the surrogate suggested that, as they did not bear the stamps provided by the Tax Law (Consol. Laws 1909, c. 60), there was a question as to whether they ought to be received in evidence. Thereupon the attorney for the administratrix objected

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes