W. Vincent Grady, S.
Jennie Sigl died a resident of Dutchess County on June 26, 1959 at the age of 78 leaving a last will and testament dated June 1,1958 witnessed by R. Donald Slee, Esq., and H. Lee Estes. The proponent is Antonnette Drury, daughter of the decedent, who is named executrix and sole legatee under the instrument offered for probate. The only other distributee of decedent was a son, Frank Horak, who was specifically excluded from sharing in testatrix’ estate by the provisions of paragraph numbered “Third” of said instrument, which provides: “ I am not making any provision in this Will for my son, frank horak, as I am making my home and being eared for by my daughter, Antonnette, and I feel that what little I may die seized of should go to her as compensation.”
Objections were filed by the said Frank Horak to the probate of the said last will and testament claiming:
“ 1. That the said alleged will was not duly executed by the said Jennie Sigl, deceased; that she did not publish the same as her Will in the presence of the witnesses whose names are subscribed thereto; that she did not request the said two witnesses to be witnesses thereto; and that the said alleged witnesses did not. sign as witnesses in her presence or in the presence of each other.
“ 2. That on the said 1st day of June, 1958, the said decedent, Jennie Sigl, was not of sound mind or memory, nor mentally *978 capable of making a will in that on the said June 1, 1958, she believed she did not own the real property located on the east side of the Post Bo ad in the Town of Bed Hook, New York, which was the home of herself and John Sigl, which said property was devised by will of John Sigl, dated August 17, 1952 to his wife, Jennie Sigl, during her natural life and remainder equally to Frank Horak and Antonnette Drury, his step-children; but that at the time of the making of Jennie Sigl’s will dated June 1, 1958 and now offered for probate she believed she only had a little cash money and personal belongings which she was bequeathing to her daughter, Antonnette Drury. Jennie Sigl was a paralytic and 77 years of age.
“ 3. That the said paper writing was not freely or voluntarily made or executed by the said Jennie Sigl as her Last Will and Testament; that the said paper writing purporting to be her will was obtained and the subscription and publication thereof, if it was in fact subscribed or published by her, were procured by fraud and undue influence practiced upon the decedent by one, a daughter, Antonnette Drury, or by some other person or persons acting in concert or privity with her whose name or names are at present unknown to this contestant, in that the said testatrix, Jennie Sigl, was led to believe she only had a little personal property and only had a life estate in the real property in Bed Hook, New York.
“ 4. That the paper propounded for probate herein is invalid as a Last Will and Testament and is illegal and void in respect to the real property in Bed Hook, New York, described above, in that at the time of the making of the said will the testatrix believed she only had a life interest in the said real property and the fee to the said real property had already been devised equally to her two (2) children, Frank Horak and Antonnette Drury by the will of the testatrix’s husband, John Sigl, which had been duly admitted to probate in Dutchess County and the Estate of John Sigl, had been duly and completely settled.
“ 5. That the said will of Jennie Sigl which purports to give her daughter, Antonnette Drury all of her property was made by mistake and if duly executed was executed by mistake. The said testatrix, Jennie Sigl, believing that the said will did not devise the real property in Bed Hook, New York, but only the personal property consisting of a little cash and small personal belongings.”
And the matter having come on before the court to be heard without a jury, and the testimony of B. Donald Slee, Esq., and Howard Lee Estes having been taken on behalf of the proponent, and no witnesses having been sworn on behalf of the objectant, *979 and the court having reserved decision on proponent’s motion to dismiss the objections at the close of the testimony; and the court having reviewed the testimony and having read the memoranda submitted to him by respective attorneys, and after due deliberation thereon, the court decides and finds as follows:
In every case the onus probandi lies on a party propounding a will and he must satisfy the conscience of the court that the instrument so propounded is the last will and testament of a free and capable testator. (Matter of Elster, 39 Misc. 63; Matter of Barbineau, 27 Misc. 417; 2 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 187.)
A distinction must be made between the ‘ ‘ burden of proof ’ ’ and the “ burden of evidence.” This is said because they are frequently confused not only by attorneys, but in reported decisions as well. The burden of proof is always upon the proponent, the burden of evidence may shift. Where the proponents have established the factum of the will, the burden of evidence is then upon the contestants to overcome the proof made by the proponents, and until they do so, the Surrogate will not deny probate on mere inference or conjecture. (Matter of Sperb, 71 Misc. 378.)
In the instant case, the proponent has established through the two attesting witnesses to the will, that the propounded instrument was duly executed in accordance with section 21 of the Decedent Estate Law, and that the decedent was competent and free from restraint at the time the will was executed.
The contestant has offered no proof to the contrary and relies solely on his cross-examination of proponent’s witnesses..
In the opinion of this court, the contestant has failed to overcome the proof of proponent.
The objections should be dismissed and the will admitted to probate.